## DRAKE *vs.* ANDREWS *et al.*

By R. S., ch. 90, § 144, an appeal from a decree in chancery must be claimed and entered within forty days from the making of such decree. *Held,* That where the fortieth day was Sunday, the appeal could not be taken on the following Monday.

A different rule prevails where by statute an act is required to be done within any number of days less than a week.

Motion to dismiss an appeal from the Oakland Circuit Court, in Chancery, because the same was not taken within the forty days prescribed by statute.

*Goodrich,* for the motion.

*M. L. Drake,* in person, *contra.*

By the Court, Wing, J.

The decree in the Court of Chancery, dismissing the bill in this case, was entered on the eleventh day of December, eighteen hundred and.

forty-nine. The appeal was taken on the twenty-first day of January, eighteen hundred and and fifty.

The 143d section of chapter 90, page 372 of the Revised Statutes of 1846, provides, that "any complainant or defendant who may *think* himself aggrieved by the decree or order of a Circuit Court in Chancery, may appeal therefrom to the Supreme Court." By section 144, it is required that "such appeal shall be claimed and entered within forty days from the time of making such decree or final order," &c.

It *is* admitted, the appeal was taken on the forty-first day, and because the fortieth day was Sunday. A motion is now made to dismiss the appeal, "because not taken within the time prescribed by statute." The appellant urges that he is entitled to forty full days within which to take and perfect his appeal; that as section first of chapter forty-three, Revised Statutes, 1846, page 191, provides that "no person shall do any manner of labor, business or work, except only work of necessity or charity, on the first day of the week," if the last day, being Sunday, is counted as one of the forty, he does not get the number of days given by statute, because the statute last cited, in effect prohibits his doing on the first day of the week, what would have been necessary to enable him to perfect his appeal on that day; that the statute in effect actually makes Sunday as no day, and it must be regarded for the purpose of perfecting an appeal, as stricken from the calendar. Appellant endeavors to fortify these views by citing the construction put upon contracts, in cases where the day of performance falls on Sunday, in which case it is well settled that the contract is satisfied if performed on the succeeding day. The reason of which is, that Sunday, by the common sentiment of Christian people, is held as a holy day, upon which no business transactions shall be required of a person under pain of his forfeiting his contract, and though performance on the Sabbath (independent of the statute) might be valid, yet the party may have the ensuing day within which to perform it, that he may keep the Sabbath inviolate. (See 20 *Wend., R.,* 205, 206, 207 ; 2 *Cowen,* 69.)

In the construction of rules of Court in relation to pleading and other mere matters of practice, it is well settled that if the last day fall on Sunday, the party has the whole of the next day, in which to perform

the act required. (See the authorities cited at the end of an anonymous case in 2 *Hill's Rep.*, 376,—'7.) In the construction of statutes, Courts have applied the same rule where the time is two, three, or any number of days less than a week, and they have gone fui ther, and held, as in the last case cited from Hill. There, goods were taken and the summons served on Friday, and the next day the defendant interposed a claim of property. The sheriff gave notice to the parties that the jury to try the claim of property, would appear before him on the next Monday; the plaintiff did not appear; a motion was made that the sheriff deliver over the property to the plaintiff, without indemnity, because the cause was adjourned beyond two days. The Court held, that the statute meant two law days; that as Sunday intervened between the day on which the claim of property was interposed and the day of trial, it was properly excluded in the computation of time, the defendant was entitled to two business days. But the rule (says the reporter in his note to this last case) does not in general govern, except in the construction of statutes, and then only, where the time limited is less than a week, though it has been applied to the four days allowed to bail on *sci fa* to plead, and to rules for judgment.

In the case of Thayer *vs.* Felt, (4 *Pickering*, 354,) the statute authorized the adjournment of a sale by an officer, not exceeding three days, and the question arose, whether if Sunday intervened before the last day, the adjournment could be extended to three days, exclusive of Sunday. The Court held that it might; that three business days were to be allowed for these purposes. In the case of Anderson *vs.* Phelps, (15 *Mass.*, 225,) it was held that where thirty days, during which property attached on mesne process, is held subject to execution, expires on Sunday, the lien created by the attachment does not continue through the next day. In this case it was agreed, that as the thirty days expired on Sunday, a day on which the officer could not execute any civil process, the lien created by the attachment, continued through Monday. The Court say they cannot see any reason why the last Sunday should be excluded, rather than any other of the Sundays within the thirty days. This construction seems applicable to every statute, wherein the time limited for a particular purpose, is such as must necessarily include

one or more Sundays; but it does not follow that this rule applies where the time limited is less than a week.

In the case of *ex parte* Dodge, (7 *Cowen*, 147,) it was held, that where a statute declares that an act shall be done within a certain number of days, Sunday must be reckoned as one, though it happen to be the last.

In 3d Pennsylvania Rep., 200, a cause was made the 12th of April, and an appeal entered the third of May following; motion to quash, because not in time. The law authorized an appeal within twenty days, &c. The Court say, without reviewing their decisions on the subject of computation of time, "it may be sufficient to say, that whenever by a rule of Court or an act of the Legislature, a given number of days are allowed to do an act, or it is said an act may be done within a given number of days, the day on which the rule is taken, or the decision made, is excluded." (1 *Sergt. & Rawl.*, 411.) And if one or more Sundays occur within the time limited, they are counted, unless the last day falls on Sunday, in which case the act may be done on the next day. The Judge says "this construction has been so universally settled in our Courts, and in cases so similar to the one in question, that we think the rule ought to be extended to cases under this act. It is doubtful if we could substitute a better rule in its place." This last *is the* only reason given for extending the rule to construction of statutes.

The Court say in Bates *vs.* Loomis, (5 *Wend.*, 136): "It is the ordinary course of the Court to enlarge the time to plead or other time prescribed for any other purpose by the *rules* or *practice* of the Court, upon cause shown; but neither a commissioner in vacation nor the Court in term, can enlarge the time within which an act is to be done where such time is regulated by statute. The rules and practice of the Court being established by the Court, may be made to yield to circumstances to promote the ends of justice. Not so as to a statute; it is unbending, requiring implicit obedience as well from the Court as from its suitors. The Court possesses no dispensing power."

We have not been able to find any cases in the English Reports which touch the point we have been considering. The weight of authority is against the appellant. We admit it is not a mere question of construction. The statute is plain. It is rather a rule of convenience;

but we think we have not the power to extend the statute. In cases of contract the Courts do not extend the time provided by the contract; it is, and for ages has been, the law of contracts; but in this case there is no law establishing the right the appellant claims. We must stop where the statute stops, and therefore we are reluctuntly constrained to grant the motion of the appellee and dismiss the appeal with costs.

Motion granted.