## Michael Harrison v. Joseph Sager.

*Justice of the peace: Judgment: Jurisdiction: Statute construed: Sunday.* Under our statute (*Comp. L. 1871*, § *5380*) a judgment of a justice of the peace, in a cause tried by him without a jury, rendered and entered in his docket on the fifth day after the trial, is void, even though the fourth day be Sunday; and is not the subject of a general appeal.—CAMPBELL, J., dissenting.

*Construction of statutes adopted from those of other states.* This statute having been adopted from the statutes of New York, is held to have been so adopted with the construction put upon it by the courts of that state, which is in accordance with the rule above stated.

*Return construed: Presumption.* The return of the justice to the appeal, setting forth that the cause was tried by him without a jury on the 12th, and that he rendered judgment on the 17th, it will not be presumed in support of the judgment, in the absence of any thing showing that to be the fact, that the cause was not finally submitted to him until the 13th.

*Heard July 16.    Decided July 17.*

Error to Kalamazoo Circuit.

*O. T. Tuthill,* for plaintiff in error.

*Edwards & Sherwood,* for defendant in error.

CHRISTIANCY, CH. J.

This cause was brought to the circuit court on an appeal from a justice of the peace, and comes to this court by writ of error. A preliminary question arises upon a motion made in the circuit court by the plaintiff in error (who was defendant in the appeal), which was denied, to dismiss the appeal on the ground that it appeared from the justice's return to the appeal, that the judgment of the justice was rendered more than four days after the trial; that it was therefore a void judgment, and gave the circuit court no power to entertain the appeal, which is an ordinary appeal upon the merits, and not a special appeal in the nature of a *certiorari.*

The record states: "The said cause was then adjourned until the 12th day of October, 1870, at one o'clock in the

afternoon, at which time the parties again appeared before me, and the cause was tried by me without a jury. After hearing the proofs and allegations in the cause, I take four days to deliberate on this matter. After due deliberation I decide, no cause of action, and on the 17th day of October, 1870, I render judgment against the plaintiff, the sum of ten dollars, costs of suit."

The statute (*Comp. L. 1871,* § *5486, sub. 7*) requires the justice to enter upon his docket (among other things) " the time when a trial was had;" and by subdivision 10, of the same section, the time of rendering the judgment. By this return it appears the trial was had on the 12th of October, and the judgment rendered on the 17th.

Section 132 of the justice's act (*Comp. L.* § *5380*) as to actions tried before him without a jury, as this was, provides that " he shall render judgment and enter the same in his docket, within four days after the same shall have been submitted to him for his final decision." . The four days after the trial expired on the 16th, and the judgment was not rendered until the fifth day.

The counsel for the defendant in error does not claim that this statute is not mandatory. But he insists that the record does not show that the cause was submitted to the justice for his final decision on the twelfth, and that in support of the judgment we are bound to presume that though stated to be tried on the 12th, it was not submitted for decision until the next day. We cannot concur in this view of the record. When it states the trial was had on the 12th, we understand it to mean that the trial was closed and completed on that day, and it would be a forced presumption, in face of this language, to hold that the trial continued into the next day; such a presumption is negatived by the ordinary and natural meaning of the language.

But on reference to the calendar, it is found that the 16th day of October, 1870 (the last of the four days), was Sunday; and it is urged that the statute was intended to

give the justice four days in all cases, to consider of his judgment; that Sunday ought, therefore, to be excluded. This, however, is not the language of the statute. It does not declare that the justice shall have four days to consider of his judgment, but requires him, at all events, to render and enter it on his docket *within* the four days.

If the statute required the judgment to be rendered on the fourth day, and it was not competent for him to render it upon the first, second or third, there would be strong reason for saying that Sunday should be excluded; but as it is just as competent for him to render the judgment on any other of the four days, there is no more reason for excluding Sunday because it happens to be the last, than if it happened to be one of the preceding three.

There is considerable conflict of authority in the several states, upon questions analogous to this. In England it would seem to be unsettled.—*Hughes v. Griffiths, 13 C. B. (N. S.), 324*, and *Reg. v. Justices, 7 Jurist, 396*, cited in *9 Exch., 731*. It is unnecessary to consider the decisions upon nearly analogous questions in the several states. This provision, like almost all others in reference to courts of justices of the peace, was borrowed from New York, and the practice and course of decision in that state upon this very provision are, therefore, entitled to *controlling weight.*

It seems to have been long and well settled there, that this provision in their statute includes Sunday as one of the four days; and when it happens to be the fourth day, the judgment will be void for want of jurisdiction if not rendered until Monday.

This was the rule laid down by Judge Cowen in his treatise upon justice's courts, a work always recognized as of the highest authority for the last forty years and more, not only in the state of New York but in this state.—See *Bissell v. Bissell, 11 Barb., 96*, where this and the other New York authorities are cited.

Our own legislature, in adopting our own justice's act

mainly from the state of New York, it is but reasonable to suppose, intended to adopt it with the settled construction there given it.

We think the judgment of the justice in the present case must be considered void; that it was not a proper subject of a general appeal upon the merits, and gave the court no jurisdiction to try the case upon appeal. The motion to dismiss should have been granted, and the judgment rendered upon appeal must be reversed, with costs.

GRAVES and COOLEY, JJ., concurred.

CAMPBELL, J.

I think the design of the statute was to allow the justice four acting days, in any of which it would be lawful for him to do judicial acts. To include Sunday is to limit him to three judicial days, and to raise a distinction which gives him more time in some cases than in others, which is not, I think, a conclusion to be favored. It was held in *Hughes v. Griffiths, 13 C. B., N. S., 324,* that where action is to be had by a court, days not judicial are not to be included in the time limited for such action. I think this decision correct and applicable, and preferable to the more technical holding.

I think the judgment was rendered in time.