# Allen, Adm'r, *v.* Elliott *et al.*, Adm'rs.

*Action on Promissory Note ; Plea, Statute of Limitations and of Non-claim.*

1. *Non-claim, statute of ; mere knowledge of claim does not prevent operation of.* There must be an actual presentation of the claim, or some act of the creditor which is equivalent thereto, to prevent the operation of the statute of non-claim ; mere knowledge of the existence of the claim on the part of the executor, or administrator, no matter how full, will not have that effect.

2. *Same ; by whom claim must be presented to avoid operation of.*—The claim must be presented by some one having an interest in it, and a legal right to enforce its payment, which must be evinced by some word or act which indicates an intention to look to the estate of the deceased debtor for its payment.

3. *Presentation ; evidence as to which one of two estates the claim is presented against admissible.*—Where both the makers of the note were dead, and the same person was the administrator of the estates of each of them, he should be permitted to testify in a suit against him as administrator of one of the

estates that no presentation was made to him of the claim as against that estate, and the endorsements of presentation on the note are relevant evidence on that issue.

4.   *Statute of limitations; how time between death and grant of letters computed in calculating bar of.*—In calculating time between the death of a person and the grant of letters on his estate, the day of his death must be included, and the day on which the letters are granted must be excluded in computing the time necessary to bar an action against the administrator.

5.   *Statute of limitations; note barred by in this case.*—Where a note was made April 18, 1861, the statute of limitations beginning to run on September 21, 1865, and continuing to run until the death of the maker, which occurred February 24, 1866, whereupon it was suspended until April 30th, 1866, when letters of administration were granted, and for six months thereafter, and action was brought on the note against the administrator of the estate of the maker on May 27, 1872, such action was barred by the statute of limitations of six years, by one day.

6.   *Sunday; when statutes of limitations expires on that day, action to be brought on Saturday preceding.*—When an action would be barred by the statute of limitations on Sunday, that day must be excluded from the count, and the action brought on the Saturday preceding, to save the bar.

APPEAL from Shelby Circuit Court.

Heard before Hon. J. E. COBB.

This was an action brought on the 27th of May, 1872, by J. L. Elliott and G. W. Bilberry, as administrators of the estate of Bennett Davis, deceased, against B. P. Allen, as administrator of the estate of R. J. Allen, deceased. The suit was founded on the following note, viz: "April 18, 1861. $900.   One day after date we promise to pay to the order of Bennett Davis, nine hundred dollars, for value received.   R. N. Allen, R. J. Allen."   The defendants pleaded, "in short by consent"—1. The general issue; 2, the statute of limitations of six years; 3, the statute of non-claim.   On the trial the plaintiffs read this note in evidence, and offered in evidence the following written statement, found on the back of the note, viz : "Presented this 24th December, 1861. R. J. Allen, Adm'r of the estate of R. N. Allen.   Presented June 22, 1867.   B. P. Allen, Adm'r *de bonis non* of the estate of R. N. Allen, deceased."   The defendant objected to the last indorsement, because it did not show any act or declaration of defendant tending to show that the note had been presented to him as administrator of the estate of R. J. Allen, deceased; but the court overruled the objection, and allowed the evidence to go to the jury, and the defendant excepted.   The plaintiffs proved that R. J. Allen, defendant's intestate, died on February 24, 1866, and that letters of administration on his estate were granted to the defendant on April 30, 1866, and that the 26th day of May, 1872, was Sunday.   The defendant testified that the note sued on was presented to him by a son of Bennett Davis.   He was then asked if, at the time the note was presented to him, Davis did not say that it was presented against R. N. Allen's estate, and not against

the estate of R. J. Allen. The plaintiffs objected to this question, and the court having sustained the objection, and refused to allow the witness to make the statement, the defendant duly excepted. The court charged the jury as follows: "The only question for you to consider is, whether or not this action is barred by the statute of limitations of six years. If six years elapsed after making certain exclusions of time, to which your attention will be called, between the day when the statute began to run and the day on which the suit was brought, the action is barred. The statute ran from the 21st day of September, 1865, down to the day when suit was brought, subject to certain exclusions of time that will be mentioned. In estimating whether or not the said six years had elapsed, *you must count from the 21st day of September, 1865, to the 27th day of May, 1872, the day suit was brought; and in making this count, you must exclude the first day and include the last, or include the first day and exclude the last;* and you must also exclude from the count the time between the death of the intestate and the day of the grant of letters of administration to defendant; and, in this part of the count, *you must not estimate as part of the time within which the statute runs, the 24th day of February, 1866, the agreed day of the death of defendant's intestate, but must estimate the 30th day of April, 1866, the day, when it is agreed, letters were granted;* and in addition to said exclusion of time, you must further exclude from the count of time within which the statute runs, the six months that elapsed just after the appointment of defendant as administrator of the estate of R. J. Allen; and in the exclusion of time, you must not estimate the 30th day of April, 1866, the day on which letters were granted, as part of the time within which the statute was running, but must estimate the day on which said six months expired; and if, after having made said exclusions of time, six years had elapsed from the 21st day of September, 1865, to the day when the suit was brought, you must find for the plaintiff; *and if said six years expired on Sunday, you must exclude that day from the count, and the plaintiffs could have brought this suit on the following day, Monday.* The defendant excepted to this charge, and excepted separately to those clauses, or portions of them, which are italicized above, and requested the court, in writing, to charge the jury, "that if they believed the evidence, they must find for the defendant." This charge the court refused to give, and the defendant excepted. The rulings of the court on the evidence, the charge given, and that refused, are the errors assigned.

TAUL BRADFORD, and D. T. CASTLEBERRY, for appellant.

There was no evidence that the note sued on was ever pre-. sented to the defendant as administrator of the estate of R. J. Allen, deceased. The endorsement on the note was the only evidence offered by the plaintiffs, and this shows that the note was presented to B. P. Allen as administrator of R. N. Allen's estate. The note was made by R. N. and R. J. Allen, and this endorsement should have been excluded. The defendant should have been allowed to prove that the note was presented to him as a claim against the estate of R. N. Allen, but was presented with a clear disclaimer of any demand against the estate of R. J. Allen. · The court erred in charging the jury that if the statute of limitations expired on Sunday, plaintiffs could sue on the Monday following. Suits on notes must be brought "within six years after the cause of action accrues."—Code, § 3226 ; *Owen v. Slater*, 26 Ala. 547 ; 29 Ala. 651 ; 15 Mass. 193. The statute is imperative, and makes no exception where the six years expires on Sunday. Where a note would otherwise fall due on Sunday, it becomes due on the Saturday before.—Code, § 2097 ; *Saunders & Harrison v. Ochiltree*, 5 Port. 73 ; 12 Mass. 89. On the same principle the statute of limitations would expire on Saturday, under the facts in this case. The appellees invoke the deductions made by the statute, but they can claim nothing but the time the statute requires to be deducted. The court erred in instructing the jury to "exclude the first and include the last day," in computing the time "between" the death of the intestate and the grant of letters, as well as in excluding the first day and including the last day in computing the six months in which the defendant could not be sued, after the grant of letters. By the language of the statute, you exclude from the count only the days *between* the day of death and the grant of letters. Only six months can be excluded, and not six months and one day.

WILSON & WILSON, for appellees.—The action was brought on the last day of the six years, excluding the time excluded by law between the death of appellant's intestate and the issuance of letters of administration, and the six months in which he could not be sued after their issuance, and without the exclusion of the first day and Sunday. The statute had not effected a bar when the suit was brought.—*Owen v. Slater*, 26 Ala. 547. Excluding the two days just mentioned, which the law excludes, the suit was begun three days before the statute of limitations had effected a bar.—Code, § 11. The presentation was proper, for appellant was sued as administrator of R. J. Allen's estate, and it was necessary for him to show that he was administrator *de bonis non* of R. N. Allen's

estate before that evidence could have been admitted. The note had been presented to the administrator of R. N. Allen's estate long before its presentation to appellant.

SOMERVILLE, J.—It has been repeatedly decided by this court, that mere knowledge of the existence of a claim, on the part of an executor or administrator, no matter how full and complete it may be, will not prevent the operation of the statute of *non-claim*. To produce this effect, the statute is mandatory in the requirement of an actual presentation, or of some act done by the creditor or claimant which is equivalent thereto ; otherwise the claim is forever barred and extinguished.—*Jones v. Lightfoot*, 10 Ala. 17 ; *Br. Bank Decatur v. Hawkins*, 12 Ala. 755 ; Code (1876) §§ 2597, 2599.

It is indispensable not only that the claim should be brought to the attention and knowledge of the executor or administrator, but this must be done by one having an interest in it and a legal right to enforce its payment, and it must be evinced by some act or word which indicates *an intention to look to the estate of the deceased debtor for its payment.* *McDowell, Adm'r, v. Jones, Adm'r,* 58 Ala. 25, 35 ; *Pollard v. Secor,* 28 Ala. 484.

The appellant should have been permitted to testify that the claim sued on was never presented to him as administrator of the estate of R. J. Allen, but only as a claim against the estate of R. N. Allen. The endorsements on the note were competent evidence, and relevant as bearing on this issue.

The note sued on was barred by the statute of limitations of six years.—(Code, 1876, § 3226). The running of the statute did not commence, by reason of its suspension, until September 21, 1865, under the provisions of Ordinance No. 5, of the Convention of 1865.—(Rev. Code, 1867, p. 53.)

The six months during which the administrator was exempt from suit, after the grant of letters of administration, is not to be taken as any part of the time limited for the commencement of the action, and must be excluded.—(Code, § 3245.) It is also provided in section 3244 of the Code, that "the *time between the death* of a person and the *grant of letters* testamentary, or of administration, (not exceeding six months)," is not to be counted in the estimate. This latter section, we think, is to be construed by including the day of the decedent's death and excluding the day on which letters were granted, in analogy to the construction given by this court to the above ordinance of September 21, 1865, which excluded from such estimate "the *time elapsing between* the 11th day of January, 1861, and the passage of the ordinance."

[Lovins et al. v. Humphries.]

*Bernstein v. Humes*, 60 Ala. 582, 598 ; *Gamer v. Johnson*, 22 Ala. 494 ; *Owen v. Slatter*, 26 Ala. 547.

From September 21, 1865, to May 27, 1872, the day when the suit was instituted, was *six* years, *eight* months and SIX days. The deductions authorized to be made under the above statutes are, *six* years, *eight* months and FIVE days.

The action was then barred by *one day*, unless the proposition urged by appellee be tenable, that, in as much as the 26th day of May, 1872, was Sunday, the plaintiff had until Monday, the 27th, within which to bring suit. Section 11 of the Code (1876) is invoked to sustain this view. It reads as follows : "The time within which an act is provided by law to be done must be computed by excluding the first day and including the last; *if the last is Sunday, it must also be excluded.*"

The statute, we think, was intended merely as a re-affirmation of the common law rule, that, while Sundays are generally to be computed in the time allowed for the performance of an act, if the last day happens to be *Sunday*, it is excluded, and the act must be performed on the day previous (Saturday.)—2 Bouv. Law Dict., *title* "SUNDAY," § 4 ; *Sanders v. Ochiltree*, 5 Port. 73.

The suit should have been brought on the 25th day of May, 1872. The court erred in its charges given as to the bar of the statute of limitations, and also in refusing to give the charge requested by the appellant, who was defendant below.

Reversed and remanded.