### John Simonson v. Stephen Durfee.

*Sunday—Justice's summons—Computation· of time.*

Sunday is not included in the two days in which a short summons from a justice's court may be made returnable. Comp. L. §§ 5264–5.

Error to Shiawassee. (Newton, J.) Jan. 11.—Jan. 18.

Assumpsit. Defendant brings error. Reversed.

*McBride & Miner* for appellant. Comp. L. §§ 5264–5 requiring a summons to be made returnable in not less than two nor more than four days from its date, and its service to be made at least two days before the time of appearance fixed by it, excludes both the day of issue and the day of return: *Everts v. Fisk* 44 Mich. 575 ; at common law Sunday is excluded in computing time: *Ridgley v. State* 7 Wis. 661; *Meng v. Winkleman* 43 Wis. 41; *Drake v. Andrews* 2 Mich. 203.

*Wixom & Moseley* for appellee. Sunday, if an intervening day, is not excluded in computation of time for the service of process (*King v. Dowdall* 2 Sandf. 131 ; *Anderson v. Baughman* 6 Mich. 298 ; *Corey v. Hilliker* 15 Mich. 314; *Harrison v. Sager* 27 Mich. 476); even though the time for return be less than a week: *Bissell v. Bissell* 11 Barb. 96; *Exp. Dodge* 7 Cow. 147.

Campbell, J.   In this case a certiorari was sued out from the circuit court for the county of Shiawassee to review a justice's judgment as not founded on proper jurisdictional grounds. Durfee was sued as a non-resident of Shiawassee county by a short summons issued on Friday, December 2, 1881, and served on that day, and returnable the ensuing Monday.

The statute provides, that against non-resident defendants the summons shall be returnable not less than two nor more than four days from its issue. Comp. L. §§ 5264, 5265.

On Monday defendant appeared specially to object to the want of jurisdiction, claiming that Sunday could not be counted as one of the two intermediate days. This being overruled no further appearance was entered, and the plaintiff proved his case *ex parte*. The circuit court affirmed the judgment.

It is claimed by counsel for defendant that it has been understood since the decision in *Drake v. Andrews* 2 Mich. 203, that Sundays were to be excluded in statutory periods less than one week.

The question was not involved in that case, but there is much force in the suggestions there made. But in *Harrison v. Sager* 27 Mich. 476, it was held that no such universal rule could be applied, and that where there were four days on any of which a justice of the peace could have rendered a judgment if he chose to do so, the fact that Sunday was the last day would not maintain a judgment rendered on Monday. The question therefore still remains whether in this particular case there is legal reason for holding that Sunday should not be included as one of the two days which were to intervene between the issue and return of a short summons.

While the purpose of the statute now involved in the discussion is rather to enable a debtor to have a speedy trial than to enable a creditor to get an undue advantage, we must assume that when the law made two days the shortest interval, it meant that two days were to be deemed usually necessary for preparation. If this is so it is clear that if one intervening day is Sunday, a single day is all that is left to the party, no matter how distant the place of hearing may be, or where his counsel may be. The intention seems so plain that an adequate interval shall be allowed, and it being also possible in case of Saturday or Monday being a public holiday neither of the two days would be law days, we think the statute must be construed as requiring two full secular days between the issue and return of the writ.

We think, therefore, that the justice got no jurisdiction,

and that the judgment of the circuit court affirming his judgment should be reversed with costs of all the courts.

COOLEY and MARSTON, JJ. concurred.

GRAVES, C. J.   I think the case is governed by *Harrison v. Sager* and that the judgment should be affirmed.