WILLIAM W. CAUPFIELD AND DENNIS JONES v. HENRY A. COOK.

*Dissolution of attachment—Service of process—Computation of time.*

It seems to be the settled rule that, where an act is required by statute to be done within any number of days less than a week, Sunday is to be excluded.

So *held*, where a citation issued on an application for the dissolution of an attachment was returnable December 3 and was served November 29, one of the three intervening days being Sunday, which service is held insufficient under How. Stat. § 8028, providing that such citation shall be served three days *at least* before the return-day thereof.

*Certiorari* to review the judgment of the circuit court of Sanilac county, reversing the order of the circuit court commissioner dissolving an attachment. (Beach, J.) Argued June 24, 1892. Affirmed July 28, 1892. The facts are stated in the opinion.

*Dickinson, Thurber & Stevenson,* for defendant, and petitioner in *certiorari.*

*Avery Bros. & Walsh* and *Farley & Aitken,* for plaintiffs, and respondents in *certiorari.*

GRANT, J. .The defendant made application under How. Stat. § 8026, for the dissolution of an attachment. The citation was served just three days before the return-day thereof, one of which days was Sunday.[1] The statute provides:

" The citation shall be served three days at least before the return-day thereof." How. Stat. § 8028.

In *Simonson v. Durfee*, 50 Mich. 81, it was held that Sunday is not included in the two days in which a short summons from a justice's court may be made returnable. The statute in that case provided that the summons should be returnable not less than two days from its issue. It seems to be the settled rule that, where an act is required by statute to be done within any number of days less than a week, Sunday is to be excluded. *Drake v. Andrews*, 2 Mich. 204, and authorities there cited; *Thayer v. Felt*, 4 Pick. 354.

In *Harrison v. Sager*, 27 Mich. 476, it was held that a justice of the peace could not render judgment on the fifth day after the trial, the fourth being Sunday, and the statute requiring judgment to be rendered within four days. · That decision was based upon two reasons:

(1) That it was competent for the justice to render judgment on any other of the four days; and (2) that the statute was borrowed from New York, and it was reasonable to suppose that the Legislature intended to adopt the construction given to it by the courts of that state.

Judgment is affirmed.

The other Justices concurred.

---

[1] The return-day was December 3, and the citation was served November 29.