VOHLERS *v.* E. H. STAFFORD MANUFACTURING CO.

1. PROCESS—SUMMONS—RETURN DAY—TIME FOR APPEARANCE.
   If the fifteenth day after service of a summons falls on Sunday, defendant has all the following day in which to appear. Circuit Court Rules 1 and 36; 3 Comp. Laws, § 9989.

2. DEFAULTS—OPENING AND VACATING—PREMATURE ENTRY.
   A default entered upon Monday, March 17th, for failure to appear to a summons served on Saturday, March 2nd, was premature, and a judgment taken on Wednesday, March 19th, should have been vacated on defendant's motion, although no affidavit of merits accompanied it.

Error to Ionia; Davis, J. Submitted June 19, 1912. (Docket No. 77.) Decided July 10, 1912.

Assumpsit by Eugene L. Vohlers against the E. H. Stafford Manufacturing Company. From an order denying defendant's motion to set aside its default, it brings error. Reversed.

*Ellis & Ellis,* for appellant.

*Locke & Sheldon,* for appellee.

STONE, J. This case presents a question of practice under our rules. The case was commenced in the circuit court by summons issued and served on March 2, 1912.

The summons was in the form prescribed by Circuit Court Rule 1, and contained the following provision:

"You are required to have your appearance filed or entered in the cause, in accordance with the rules and practice of the court, in person or by attorney, within fifteen days after service of this summons upon you."

The rule above referred to provides that:

"Original writs for the commencement of suit shall notify the defendant to appear in person or by attorney

within fifteen days after service of the writ upon him, to answer to the suit of the plaintiff according to the rules and practice of the court."

By the terms of our statute (section 9989, 3 Comp. Laws) the return day of original writs is now governed exclusively by the rule above referred to. That section of the statute reads as follows:

"All original writs in personal actions shall be a summons or a *capias ad respondendum* according to such form as shall be fixed by the general rule of court. Said writs may be issued in vacation or term time and shall be made returnable according to the general rule of court."

The fifteenth day after service of the summons upon the defendant was Sunday, March 17, 1912. On the following day, Monday, March 18th, plaintiff's attorney filed an affidavit of nonappearance, and entered defendant's default for want of appearance. On Wednesday, March 20th, after waiting one day in term after default taken as above stated, plaintiff took judgment against the defendant for the amount claimed. On March 20th defendant duly mailed to the plaintiff's attorneys a notice of retainer, which, under Circuit Court Rule 29, subd. *b*, would operate as of March 21st. On April 3, 1912, defendant gave notice of a motion to set aside the default and judgment for the reasons that said default and judgment were prematurely taken, without waiting the time provided by the rules of the court, and are irregular and void, and that before any default was regularly entered in said case, and judgment regularly taken, defendant entered its appearance by its attorneys by giving notice of retainer. On April 8th the circuit judge denied defendant's motion on the merits.

Defendant has brought the case here by writ of error. The first and second errors assigned are as follows:

" (1) The court erred in permitting judgment in this cause to pass by default, entered on March 18, 1912, it appearing by the record that the summons in said cause was issued and served on Saturday, March 2, 1912, and the

15th day after the service was Sunday, March 17, 1912, and under and by virtue of the rules of the circuit court the defendant had all of Monday, March 18, 1912, to enter appearance in said cause, and no default could be taken against it on that day, and that the plaintiff in said cause, on said Monday, March 18, 1912, filed an affidavit by Alfred R. Locke, his attorney, of nonappearance, and took a default against said defendant on said Monday, March 18, 1912, which was the only default ever entered in said cause, and, based upon said default, so prematurely and illegally entered, plaintiff did on Wednesday, March 20, 1912, take a default judgment, which is the judgment in this cause, and this defendant says that plaintiff never had a legal default because he took it prematurely, and that he has not obtained a legal judgment in said cause because the judgment obtained is based on an illegal default, and was taken at least one day before it could have been taken under the rules and practice of the circuit court if he had waited to obtain a legal default.

"(2) The summons in this cause was served on Saturday, March 2, 1912, as appears from the return of the officer indorsed thereon. It required the defendant to appear within 15 days, and Circuit Court Rule 36 provides, in substance, that the time for complying with the exigency of a rule, order, or notice, pleading, or paper shall exclude the day of service, and shall include the day on which compliance therewith is required, except when the said day of compliance shall fall on Sunday, in which case the party shall have the next day to comply therewith. It appearing by the record that the fifteenth day after service of the writ of summons in this case was Sunday, March 17, 1912, and that, in violation of Circuit Court Rule 36, the plaintiff's attorney entered defendant's default on Monday, March 18, 1912, and that no other default has ever been entered in said cause, and that judgment was entered on said default on Wednesday, March 20, 1912, and Circuit Court Rule 12 c providing, 'Hereafter a further order making a default absolute shall not be necessary, but judgment shall not be entered on a default until at least one day in term has passed after such default,' and it appearing in this cause, by the records, that default had been entered at least one day too soon, the circuit judge erroneously permitted a violation of both rules by giving a judgment to the plaintiff on Wednesday, March 20, 1912."

Circuit Court Rule No. 36, subd. *a*, is as follows:

" The day on which any rule shall be entered, or order, notice, pleading or paper served, shall be excluded in the computation of the time for complying with the exigency of such rule, order or notice, pleading or paper, and the day on which a compliance therewith is required shall be included, except where it shall fall on Sunday, in which case the party shall have the next day to comply therewith."

1. It is the claim of counsel for appellant that the circuit court erred in permitting judgment to pass by a default entered on March 18th, as the fifteenth day after service was Sunday, and that under and by virtue of the rule the defendant had all of March 18th in which to enter his appearance, and that no default could legally be taken on that day; that the default entered on March 18th was premature and void, and that, being the only default ever entered, no legal judgment could be based on that default. They contend that had we a statute upon the subject the case might be different, but that we are here concerned simply with the correct construction and effect to be given a practice rule.

It is further urged that our Circuit Court Rule 36 is an exact transcript of the New York Supreme Court Rule 62, which had been repeatedly passed upon and construed by the courts of that State prior to its adoption by this court. The following New York cases are cited by appellant: *Bissell* v. *Bissell,* 11 Barb. (N. Y.) 96; *Cock* v. *Bunn,* 6 Johns. (N. Y.) 326; *Borst* v. *Griffin,* 5 Wend. (N. Y.) 84. We have examined these cases, and they seem to sustain the claim of appellant. In *Bissell* v. *Bissell, supra,* the distinction is made between the construction of a statute and the construction of a rule. The question there arose under the construction of a statute requiring a justice of the peace to render judgment, and enter the same in his docket, within four days after the cause was submitted to him for final decision. In the case under consideration, the cause was submitted on June 28th, and

judgment was rendered on Monday, July 3d, following. The single question was whether the judgment was entered in season.   The court said:

"Were this a matter of practice merely, there could be no doubt that the judgment must be held regular.   By the sixty-second rule of the Supreme Court, as well as by several adjudged cases, the day on which any rule shall be entered, or order, notice, pleading, or papers served, shall be excluded in the computation of time for complying with the exigency of such rule, order, notice, pleading, or paper; and the day on which a compliance therewith is required, shall be included; except when it shall fall on a Sunday, in which case the party shall have the next day to   comply therewith.   ([*Anonymous*] 2 Hill, 377, note; [*Charles* v. *Stansbury*] 3 Johns. 261; [*Merchants' Ins. Co.* v. *Simmons*] 10 Wend. 560).   The same rule prevails in England.   In matters of practice, in all cases in which any number of days (not expressed to be clear days) is prescribed by the rules of practice of the courts, the same shall be reckoned exclusively of the first day, and inclusively of the last day, unless the last day shall happen to fall on a Sunday, Christmas Day, or Good Friday, or a day appointed for a public fast, or thanksgiving, in which case the time shall be reckoned exclusively of that day also.   (See 1 Dowl. P. C. 200; 8 Bing. 307; 3 B. & Adol. 393; 2 Tyr. 351; 4 Bligh. N. S. 608, cited in Harrison's Digest, 3d Vol., p. 6,328.)   *   *   *
"In respect to the construction of statutes the rule is otherwise in this State."

In *Borst* v. *Griffin, supra,* it is distinctly held that, when the twentieth day of the rule to plead to a declaration happens on a Sunday, the defendant has the whole of the next day in which to plead, and a default entered on that day is premature.   In *Cock* v. *Bunn, supra,* decided in 1810, it was held that, where the rule to plead expires on Sunday, the defendant has the next day in which to plead.   Where the last day is Sunday, that is to be rejected, adopting the practice of the English courts.   In an anonymous case found in 2 Hill (N. Y.), at page 375, there is an extended note upon this subject.   Referring to page 377, we find the following:

"In the construction of rules of court in respect to time for pleading and other mere matters of practice, it is well settled that, if the last day falls on Sunday, the party has the whole of the next day in which to perform the act required. (See rules Supreme Court 62; *Cock* v. *Bunn*, 6 Johns. 326; *Borst* v. *Griffin*, 5 Wend. 84; *Anonymous*, 1 Stra. 86; *Bullock* v. *Lincoln*, 2 Stra. 914; *Studley* v. *Sturt, Id.* 782; *Lee* v. *Carlton*, 3 T. R. 642; *Solomons* v. *Freeman*, 4 T. R. 557; *Harbord* v. *Perigal*, 5 T. R. 210; *Asmole* v. *Goodwin*, 2 Salk. 624; *Shadwell* v. *Angel*, Burr 56; 1 Sellon's Prac. 95; 1 Arch. Prac. 117; 1 Tidd's Prac. 433; Grah's Prac. [2d Ed.] 220, 230, 713.)"

Many cases from other States are cited by appellant in support of this rule.

It is also claimed that this court has construed this rule as contended for in the recent case of *Moreland* v. *Lenawee Circuit Judge*, 144 Mich. 329 (107 N. W. 873), in which case this court construed Circuit Court Rule 58, 137 Mich. xxxvii (108 N. W. v), erroneously called Supreme Court Rule 58, in connection with Circuit Court Rule 36. Circuit Court Rule 58 provides, in substance, that in cases pending and at issue when the rule took effect a motion for change of venue should be entered within 20 days therefrom. The rule took effect February 20, 1906. On March 12, 1906, a motion for change of venue was made in the case. Justice Moore, referring to Rule 58, said:

"It took effect February 20, 1906. It provides that in cases pending and at issue when this rule should take effect said motion shall be entered within 20 days therefrom. The 11th of March came on Sunday. The motion was made on Monday, the 12th of March. We think it was made in time, under Supreme Court. Rule 58, construed in connection with Circuit Court Rule 36 and Supreme Court Rule 25."

Supreme Court Rule 25 is identical with Circuit Court Rule 36.

It is claimed that under this ruling this court, impliedly at least, held that, had a default been attempted for failure to move on or before March 11th, the same would

have been set aside, as the party had all of Monday, March 12th, in which to make his motion. The plaintiff claims that defendant's counsel are wrong in their contention, and that, as defendant could have entered its appearance or served notice of retainer at any time within 15 days after the service of summons upon it on March 2d, the construction of the rule by defendant's counsel is not correct. Plaintiff says:

"The thing to be done was not required to be done on the fifteenth day. It could have been done on any day after service of the process, excepting, of course, Sundays. There were three Sundays within the 15 days, the 3d, 10th, and 17th. There would be as much reason for allowing three extra days beyond the 17th, as for one day. If obedience to the summons would have required the defendant to appear or give notice of retainer on the fifteenth day, then, under Rule 36, it would have had the following day."

Counsel for plaintiff quote a part of section 314, 1 Green's Practice (3d Ed.). The whole of the section reads as follows:

"In computing time the day on which any order, notice, pleading, or other paper is served must be excluded; and the day on which compliance therewith is required must be included, except when it falls on a Sunday, in which case the party has the whole of the next day to comply therewith. This rule, however, does not seem to apply to special proceedings in which both days are generally excluded. Where a statute requires an act to be done within a certain number of days, Sunday is included though it be the last day for doing the act, except where it comes within the rule of court stated above. In many cases intervening Sundays have been excluded in the computation of time within which to do an act, while in cases relating to notices regulated by rules of the court such Sundays have been included."

Counsel for plaintiff also cite the following cases: *Drake* v. *Andrews*, 2 Mich. 204; *Anderson* v. *Baughman*, 6 Mich. 297; *Corey* v. *Hiliker*, 15 Mich. 314; *Dale* v. *Lavigne*, 31 Mich. 149; *Harrison* v. *Sager*, 27 Mich.

476. In *Drake* v. *Andrews, supra,* this court was dealing with the statute providing that an appeal from a decree in chancery must be claimed and entered within forty days from the time of making such decree; and it was held that, where the fortieth day was Sunday, the appeal could not be taken on the following Monday. But the court said:

"In the construction of rules of court in relation to pleading and other mere matters of practice, it is well settled that if the last day fall on Sunday, the party has the whole of the next day in which to perform the act required. See the authorities cited at the end of an anonymous case in 2 Hill [N. Y.], 376, 377."

After a review of the authorities, the court proceeds:

"The court says in *Bates* v. *Loomis,* 5 Wend. [N. Y.] 136:

"'It is the ordinary course of the court to enlarge the time to plead, or other time prescribed for any other purpose by the rules or practice of the court, upon cause shown; but neither a commissioner in vacation nor the court in term can enlarge the time within which an act is to be done where such time is regulated by statute. The rules and practice of the court being established by the court may be made to yield to circumstances to promote the ends of justice. Not so as to a statute; it is unbending, requiring implicit obedience as well from the court as from its suitors. The court possesses no dispensing power.' * * *

"We must stop where the statute stops, and therefore we are reluctantly constrained to grant the motion of the appellee and dismiss the appeal."

In *Anderson* v. *Baughman, supra,* the rule relating to hearings in this court was under consideration, and it was held that in computing time on such notices the day on which the notice was served was to be excluded, and the first day of the term included. There was an intervening Sunday, which was included in such computation, but it will be noted that the last day did not fall on Sunday, hence the case does not apply here. *Corey* v. *Hiliker, supra,* is to the same effect. In *Harrison* v. *Sager, supra,* it was held by a divided court that under the stat-

ute requiring the justice to render judgment within four days after a case shall have been submitted to him for his final decision, a judgment rendered on the fifth day was void, even though the fourth day was Sunday, following the New York rule in *Bissell* v. *Bissell, supra.* Chief Justice CHRISTIANCY said:

" If the statute required the judgment to be rendered on the fourth day, and it was not competent for him to render it upon the first, second, or third, there would be strong reason for saying that Sunday should be excluded; but as it is just as competent for him to render the judgment on any other of the four days, there is no more reason for excluding Sunday because it happens to be the last, than if it happened to be one of the preceding three."

This is the same reason that is urged by appellee in the instant case, but the distinction between a statute and a rule of practice should be kept in mind. We think, however, that on principle there is much force in the language of Justice CAMPBELL in the dissenting opinion, wherein he said:

" To include Sunday is to limit him (the justice) to three judicial days, and to raise a distinction which gives him more time in some cases than in others, which is not, I think, a conclusion to be favored."

In *Dale* v. *Lavigne, supra,* the last-named case was held controlling in construing the statute requiring an appeal from the judgment of a justice to be perfected within five days after the rendition of the judgment; and, where the fifth day was Sunday, it was held that Monday was too late. We are of opinion that under Circuit Court Rule 36, as construed by the New York courts, and by this court, the default entered in this case was premature and void.

2. The default having been prematurely entered, it cannot be said that the default " was duly filed or entered" within the meaning of Circuit Court Rule 12, subd. *b,* and it must follow that the judgment entered on March 20th was premature and void. The defendant had all

day Monday, March 18th, in which to appear. Its default could not have been properly entered until Tuesday, March 19th. Subdivison *c* of Circuit Court Rule 12 provides that:

"Hereafter a further order making a default absolute shall not be necessary, but judgment shall not be entered on a default until at least one day in term has passed after such default."

That one day in term would properly have been Wednesday, the 20th, if we are to exclude the earliest day on which the default might have been legally entered under Rule 36, to wit, Tuesday, the 19th. Therefore the judgment on Wednesday, March 20th, was premature and void. Thursday, March 21st, was the first day upon which judgment could have been legally entered. On that day defendant's appearance was entered. It is urged that defendant's motion to set aside the default was not based upon an affidavit of merits, as provided by Rule 12. Our answer is that the rule contemplates a default "duly filed or entered," and does not apply to an irregular or premature default. In *Pemberton* v. *Duryea*, 5 Ariz. 8 (43 Pac. 220), the court held in a similar case that no affidavit of merits was necessary, citing 1 Black on Judgments, § 347, and using the following language:

"The entering of the judgment was unseasonable, and it should have been vacated by the court upon its attention being called thereto, and the appellant allowed to defend, without requiring any affidavit of merits whatever."

In *Marks, Ex'rs*, v. *Russell*, 40 Pa. 372, it was held that, in computing the time to plead, on 10 days' notice, under a rule of court, the day on which the notice is given must be excluded, and, if the final day falls on Sunday, it also is to be excluded. Therefore, where a rule was entered and served December 27, 1860, and the ten days in which defendants therein were required to plead expired January 6, 1861, which was Sunday, a plea entered upon the following Monday was in time, and the judgment en-

tered on that day against the defendants in default of the plea was premature and erroneous. The court said:

"The judgment was premature. In counting the time to plead after notice, the day on which the notice is given is excluded, and, if the final day falls on Sunday, it also is excluded, and a plea entered on Monday is in time. A judgment entered on that day is erroneous."

We are constrained to hold that the default and judgment were prematurely entered, and are void. The judgment of the circuit court is reversed and a new trial granted, and defendant should be permitted to plead to the declaration.

Moore, C. J., and Steere, McAlvay, Brooke, Ostrander, and Bird, JJ., concurred. Blair, JJ., did not sit.