MRS. J. K. BRUCE, Appellee, v. MRS. W. L. POPE, Appellant.

TIME: Excluding Days—Sundays—Judgment of Justice of the Peace. A judgment is valid when entered by a justice of the peace on Monday when the third day given by law for entering the judgment falls on Sunday. (Sec. 48, Par. 23; Sec. 4522, Code, 1897.)

*Appeal from Cedar Rapids Superior Court.*—C. B. ROBBINS, Judge.

MONDAY, MAY 14, 1917.

THIS cause was fully submitted to a justice of the peace on Thursday, July 24, 1913, and he entered judgment therein on Monday, July 28, 1913. The question we have is whether this entry was made so late as that the judgment is void.—*Affirmed.*

*Jamison, Smyth & Hann,* for appellant.

*Jos. Mekota,* for appellee.

SALINGER, J.—I. The judgment must be entered "within three days after the cause is submitted to the justice for final action" (citing Section 4522, Code, 1897; *Worrall v. Chase,* 144 Iowa 665, at 668). The trial court held that judgment was entered in time. Many of the cases cited against this conclusion are inapplicable. They all hold that, where the judgment *is* entered later than three days after submission, such judgment is void. The sole contention here is over whether the judg-

ment *was* entered later than three days after submission.

The case was submitted to Justice A. E. Nugent on Thursday, July 24, 1913. Excluding the day of submission, the third day thereafter ended with Sunday, July 27th. The judgment entry was made on Monday, July 28th. It is plain, then, that the sole question is, what construction should be given the statute provision that, in computing time, the first day shall be excluded and the last included, unless the last falls on Sunday, in which case the time prescribed shall be extended so as to include the whole of the following Monday. Section 48, Subd. 23, Code, 1897. If this statute applies, the judgment below is right; otherwise, it is erroneous.

Appellant urges two decisions in this court. *Robinson v. Foster*, 12 Iowa 186, decides nothing except that, where ten days are required *between* the day of service and the first day of the term into which the notice brings the action, there must be ten clear days, and that, therefore, the said statute rule for computing time has no application. For some reason, the case claims to be sustained by *Womack v. McAhren*, 9 Ind. 6. Same merely holds that, where ten clear days are not required, the day of service is to be excluded and the first day of the term included. In *Conklin v. City of Marshalltown*, 66 Iowa 122, 123, the sole question is whether, where a term began on Monday, December 10th, a petition filed on Thursday, November 29th, preceding, was filed in time; and it was held it was. The result was reached by excluding the day of filing and including the opening day of the term. Between these two dates intervened Sunday, December 9th. On the rule adopted, the petition had been on file as long as ten days when that Sunday ended. It certainly was not filed less than ten days on Monday, December 10th, if filed for ten days on Sunday, December 9th. It is difficult to see how either counting or excluding that Sunday was involved in the determination in that

case. Where something is once filed, every day on which it remains on file must be counted to make up the number of days that it must remain on file prior to a stated day; and such paper is as much on file on Sunday as on any other day. That this is so throws no light on whether, if an act is required to be done on Sunday, it may or may not be done effectively on the Monday next succeeding. The first case in terms, and the last in effect, says:

"It is only when the act is to be done on Sunday that that day is to be excluded and the whole of the next day included."

Granting that it was necessary to say this, we are unable to see how it aids appellant. The basis for the statement is that neither requiring a notice to be served ten clear days before the term opens nor that a petition be filed ten days before the term opens, requires anything to be done on Sunday. That in such circumstances the provision making extension to Monday is not applicable, has no bearing on whether the extension is available in the case at bar. If the succeeding Monday may not be used for entering the judgment here in consideration, then entering it, if done on the last of the three days, *would* require the doing of something on Sunday.

*Harrison v. Sager*, 27 Mich. 476, is also relied upon, and said to be squarely in point for the appellant's contention. The statute construed therein requires judgment to be entered within four days. The record discloses no statute like our own which defines what "within three days" may, in some circumstances, mean. Proceeding without reference to such a statute, the Michigan court holds, and rightly, that permitting a thing to be done within four days fixes a maximum; that it leaves it competent to do the act on the first day as well as on the fourth; and that, since the statute does not take Sunday into consideration, the fact that the last day is Sunday does not work an extension. We prob-

ably should hold to the same view if our said computation of. time statute did not exist. We must read all the statutes on the subject together. Thus read, there is a requirement to enter judgment within three days after submission and a provision that, if the last of those three days, on a computation excluding the day of submission, falls on Sunday, the entry may be effectively made on the next following Monday. See *State v. Michel*, 52 La. 936. We must therefore hold that the judgment entered is not void for being entered too late.

II. Without reference to our statutes, there is much support in reason and authority for the conclusion we reach.

If a period of time fixed by a decree or order of court or by statute for an act to be accomplished, closes on Sunday, the general rule is to exclude that day in the computation of time, and to allow all of the following Monday for the accomplishment of such act. *Kipp v. Fitch*, 73 Minn. 65; *Spencer v. Haug*, 45 Minn. 231; *Johnson v. Merritt*, 50 Minn. 303; *State v. May*, 142 Mo. 135; *Robinson v. Templar Lodge*, 114 Cal. 41; *California Imp. Co. v. Quinchard*, 119 Cal. 87; *People v. Rose*, 167 Ill. 147; *City of Chicago v. Vulcan Iron Works*, 93 Ill. 222; *Hicks v. Nelson*, 45 Kans. 47; *Gage v. Davis*, 129 Ill. 236; *Backer v. Pyne*, 130 Ind. 288; *Strect v. United States*, 133 U. S. 299; *Monroe Cattle Co. v. Becker*, 147 U. S. 47, 56; *Porter v. Pierce*, 120 N. Y. 217; *State v. Stuckey*, 78 Mo. App. 533; *In re Senate Resolution*, 9 Colo. 632; *Edmundson v. Wragg*, 104 Pa. St. 500; *Gibbon v. Freel*, 65 How. Pr. (N. Y.) 273; *Hodgson v. Banking House*, 9 Mo. App. 24; *Bacon v. State*, 22 Fla. 46; *English v. Williamson*, 34 Kans. 212. If Sunday is to be considered within the time, though it is the last of the three days, it should follow that the justice is empowered to enter that judgment on that Sunday. We think he is not so empowered. Sunday is generally excluded as one

of the days of the term of a court. *Michie v. Michie's Admr.,* 17 Gratt. (Va.) 109; *Read v. Commonwealth,* 22 Gratt. (Va.) 924; *Qualter v. State,* 120 Ind. 92. While an act required to be done within 24 hours after notice must, if done in that time, be done on Sunday, that is so only if the circumstances are such as that it may lawfully be done on that day. *Casey v. Viall,* 17 R. I. 348. If a statute imposes a penalty for allowing freight received to remain unshipped for five days, an intervening Sunday is to be excluded in counting the five days. *Branch v. Wilmington & W. R. Co.,* 77 N. C. 347; *Keeter v. Wilmington & W. R. Co.,* 86 N. C. 346.

Even in cases where performance is exacted on the Saturday preceding the Sunday which is the last day of the period, there is the qualification that this is so only if the act is one which may properly be done on Sunday. *Keating v. Serrell,* 5 Daly (N. Y.) 278, 282; *Allen v. Elliott,* 67 Ala. 432.

In a dissent by Campbell, J., in *Harrison v. Sager,* 27 Mich. 476, he expresses the thought that the design of the statute which requires entry of judgment within four days was (and he speaks without reference to any computation statute) to allow the justice four acting days in any of which it would be lawful for him to do judicial acts. He adds that to exclude Sunday is to limit him to three judicial days and to raise a distinction which ought not to be raised, namely, that he is given more time in some cases than in others, and he cites *Hughes v. Griffiths,* 13 C. B., N. S. 324, that, where action is to be had by a court, days not judicial are not to be included in the time limit fixed for such action. There is a rule that, if an act is required by statute to be done within any number of days less than seven, Sunday is to be excluded in the computation. *Simonson v. Durfee,* 50 Mich. 80; *Caupfield v. Cook,* 92 Mich. 626; *First Nat. Bank v. Williams Milling Co.,* 110 Mich. 15.

But if the act is required to be done in a number of days exceeding a week, Sunday is not excluded therefrom. *Craig v. United States Health & Acc. Ins. Co.,* (S. C.) 61 S. E. 423. But, notwithstanding, Sunday is sometimes excluded even when the period is more than seven days, because it is evident from the context that, in fixing a specified time, working days are meant. *National Bank v. Williams,* 46 Mo. 17; *Neal v. Crew,* 12 Ga. 93, 100. Under a constitutional provision that an unsigned bill shall become a law if not signed by the governor within ten days after the adjournment of the legislature, the ten days are exclusive of Sundays. *People v. Rose,* 167 Ill. 147. So where the period accorded is five days. *State v. Michel,* 52 La. Ann. 936. And, where the time allowed the governor is three days, intervening Sundays are to be excluded in computing that time. *Stinson v. Smith,* 8 Minn. 366; *People v. Hatch,* 33 Ill. 9, 149; *Farwell Co. v. Matheis,* 48 Fed. 363.

We think the intent was to give three days, on any one of which entering judgment is permissible, and that such judgment should not be entered on a Sunday.

III.   One argument suggested by appellee has led us to find a line of authorities to the effect that where, as distinguished from those that are optional at the expense of losing some right, the last day for performance of an act that must be done falls on Sunday, a compliance on the following day is sufficient. If four days are allowed in which to take an appeal, Sunday must be excluded. *Neal v. Crew,* 12 Ga. 93, 100. So of filing bond. *Nickles v. Kendrick,* 76 Miss. 334. And as to filing a motion for a new trial or in arrest of judgment. *National Bank v. Williams,* 46 Mo. 17; *Lewis v. Schwenn,* 15 Mo. App. 342. *Cressey v. Parks,* 75 Me. 387, decides that, if a statute prescribes that property seized for taxes shall be kept four days and then sold, unless such taxes are paid, the day of the seizure is excluded, intervening Sundays are included, and the prop-

erty must be sold on the fourth day, unless that falls on Sunday, and then on the next day. The rule has been applied to the performance of a contract. *Stryker v. Vanderbilt,* 27 N. J. L. 68. *Byers v. Rothschild,* 11 Wash. 296, is that a tenant under a lease reserving a monthly rental payable in advance on the first of the month is entitled to the second day of the month to make payment, when the first day falls on Sunday. In *State v. Michel,* 52 La. Ann. 936, there was construed a constitutional requirement that, if a bill passed by the legislature were not returned by the governor "within five days after it shall have been presented to him, it shall be a law." It is held that, since less than a week is given, Sunday is to be excluded from the count. On the other hand, it has been decided that, if an act is to be done by a certain day, which happens to be Sunday, or within a certain time which ends on Sunday, performance must be on Saturday preceding. *Keating v. Serrell,* 5 Daly (N. Y.) 278, 282; *Allen v. Elliott,* 67 Ala. 432. It was applied, in *Brooklyn Oil Refinery v. Brown,* 38 How. Pr. (N. Y.) 444, 449, to a case of contract to deliver certain property during a certain month, and held that, if the last day of that month falls on Sunday, a delivery on the first day of the next month does not satisfy the contract. And it has been maintained as to things which it was optional to do or not do, such as bringing an action, that, when the time for bringing it ends on Sunday, that day must be included in the count, and the action cannot be commenced the next day. In such case, the action should be commenced the preceding Saturday. *Williams v. Lane,* 87 Wis. 152, 159; *Vailes v. Brown,* 16 Colo. 462; *Allen v. Elliott,* 67 Ala. 432.

All these make rules for optional acts. We prefer not to base our decision upon their consideration, because the entry of judgment is not optional. For the reasons given

in Paragraphs I and II hereof, the judgment below is—
*Affirmed.*

GAYNOR, C. J., LADD and EVANS, JJ., concur.