GENERAL FINANCE CO. *v.* STRICKER.

VENDOR AND PURCHASER—SPECIFIC TAX—COMPLYING WITH COURT ORDER—CIRCUIT COURT RULE.

> Where, in proceedings to foreclose land contract, vendor was ordered to pay specific tax imposed by 1 Comp. Laws 1915, §§ 4268–4277, within 15 days, failing which bill of complaint should be automatically dismissed, and fifteenth day fell on Sunday, order was complied with, under Circuit Court Rule No. 5, by making payment on following Monday.

Appeal from Wayne; Hunt (Ormond F.), J. Submitted June 18, 1929. (Docket No. 16, Calendar No. 34,069.) Decided October 7, 1929.

Bill by the General Finance Company against Norman D. Stricker and the Federal Bond & Mortgage Company to foreclose a mortgage. From a decree for plaintiff, defendant Stricker appeals. Affirmed.

*Rosenthal, Rosenthal & Rosenthal,* for appellant.

*C. W. Videan,* for appellee.

CLARK, J. Plaintiff, as vendor in a land contract, filed bill to foreclose against defendant Stricker as purchaser and the other defendant as mortgagee. After due service Stricker appeared specially and moved to dismiss because the specific tax (1 Comp. Laws 1915, §§ 4268–4277), on the contract had not been paid.

On June 2, 1928, the court, on the motion, ordered:

"That plaintiff pay the mortgage tax within fifteen (15) days of the date hereof, failing which the bill of complaint shall be automatically dismissed without further order."

Plaintiff paid the tax on June 18th.

Defendant Stricker filed, without motion, an affidavit to the effect that the tax had not been paid within ordered time. His default was entered. Later plaintiff filed and noticed a motion to construe the order of June 2d, and the court by further order held the payment of June 18th to have been within the order. Decree *pro confesso* followed. Defendant Stricker again appeared specially and moved to vacate the decree for the reason previously stated in the said affidavit and for other reasons. The motion was denied. Defendant Stricker has not moved to set aside the default, and has not tendered answer, and he has appealed.

Counsel agree that the following question is jurisdictional and it is so treated:

Circuit Court Rule No. 5 provides:

"The day on which any rule shall be entered, or order, notice, pleading or paper served, shall be excluded in the computation of the time for complying with the exigency of such rule, order or notice, pleading or paper, and the day on which a compliance therewith is required shall be included, except where it shall fall on Sunday, in which case the party shall have the next day to comply therewith."

Excluding, agreeable to the rule, the day of making the order, June 2d, the fifteenth day fell on Sunday, June 17th, so plaintiff had Monday, June 18th, on which to pay under the order; and, as we have seen, it paid on that day. The meaning and applicability of this rule will appear by reading *Vohlers* v. *E. H. Stafford Manf'g Co.*, 171 Mich. 8 (Ann. Cas. 1914 B, 1032), here decisive. The order made by the court construing the order of June 2d was unnecessary except to advise of the law. Other points sought to be raised by defendant are fully and correctly ruled upon by the trial court in an opinion filed, and discussion of them is omitted here as without benefit to the profession.

Affirmed, with costs to plaintiff.

NORTH, C. J., and FEAD, WIEST, McDONALD, POTTER, and SHARPE, JJ., concurred. The late Justice FELLOWS took no part in this decision.