THE PEOPLE *ex rel.* Akin, Attorney General,

*v.*

JAMES A. ROSE, Secretary of State.

*Announced orally at Springfield June 16, 1897.*

CONSTITUTIONAL LAW—*Governor has ten days, exclusive of Sundays, to consider bills after adjournment.* The provision of section 16, article 5, of the constitution, that any unsigned bill shall become a law if not filed by the Governor, with his objections, in the office of the Secretary of State "within ten days after adjournment" of the General Assembly, means ten days *exclusive of Sundays.*

ORIGINAL petition for *mandamus.*

This is a petition by the People, on the relation of the Attorney General, for a writ of *mandamus.* The allegations of the petition, so far as necessary to be here stated, are, in substance, that a certain bill, known as Senate bill 369, to amend certain sections of the law relating to loan associations, was passed in a constitutional manner by both houses of the Fortieth General Assembly of Illinois, and enrolled June 10, 1897, by the engrossing and enrolling clerk of the said General Assembly, which General Assembly adjourned *sine die* on Friday, June 4, 1897; that the bill, so passed and engrossed, was thereafter, before June 15, 1897, duly signed by W. A. Northcott, president of the Senate, and Ed. C. Curtis, speaker

of the House of Representatives of said General Assembly; that thereafter, on the 15th day of June, 1897, the said bill was duly presented by the Secretary of State to the Governor of the State of Illinois for his approval; that said Governor returned said bill to the office of the Secretary of State without signature or approval, and without filing objections thereto or vetoing the same; that said bill remained in the office of the said defendant, the Secretary of State, at the time of filing the petition, but that the same had not been filed by said Secretary, and that said Secretary claimed that the bill was not entitled to be filed in his office as an act of said General Assembly, for the reason that it had not been presented to the Governor for approval within ten days after the adjournment of the General Assembly, and further claimed that because the Governor had not approved or disapproved such bill, he, the Secretary of State, was not required by law to include the same among the Session Laws of said Fortieth General Assembly, and that he was not required to authenticate the bill by a certificate thereon, as required by statute. The petition prays that the Secretary of State be required, by the writ of *mandamus*, to file the said bill in his office and authenticate the same, and include it in the list of Session Laws of the Fortieth General Assembly now being prepared by said Secretary for publication.

Leave having been granted to file the petition, the defendant, James A. Rose, entered his appearance, waiving service of process, and submitted the cause for the determination of the court upon the facts as alleged in the petition.

Mr. CHIEF JUSTICE PHILLIPS announced the opinion of the court:

That part of section 16 of article 5 of the constitution referred to in section 10 of chapter 124 of the statutes of Illinois which is material to a consideration of the ques-

tion involved in this inquiry is the last paragraph of said section, and reads as follows: "Any bill which shall not be returned by the Governor within ten days (Sundays excepted) after it shall have been presented to him shall become a law in like manner as if he had signed it, unless the General Assembly shall, by their adjournment, prevent its return, in which case it shall be filed, with his objections, in the office of the Secretary of State within ten days after such adjournment, or become a law."

In construing this paragraph, under the facts averred in the petition, it becomes material to determine whether the words "within ten days after such adjournment" include or exclude Sundays. The paragraph consists of a single sentence, in the first clause of which use is made of the words "within ten days," followed by the further words "Sundays excepted," in parentheses. The words "within ten days," used in the last clause of the sentence, must be given the same meaning as indicated by their use in the first clause, and will be held to mean within ten days of such adjournment exclusive of Sundays.

Under this construction, the prayer of the petition can be granted only in a modified form, for the reason that the full ten days, exclusive of Sundays, have not yet elapsed since the final adjournment of the General Assembly on June 4. Unless the Governor shall veto the bill within such time, and return the same, with his objections, to the Secretary of State, a writ of *mandamus* will be awarded, in accordance with the prayer of the petition, against the defendant, and the Attorney General is directed to draw an order to be presented to the court in accordance therewith.        *Mandamus awarded.*