THE STATE OF NORTH DAKOTA EX REL. A. R. WATKINS v. P. D. NORTON, as Secretary of State of the State of North Dakota.

(131 N. W. 257.)

**Constitutional Law — Legislature — Time for Executive to Act on Bills —**
**Sundays Excepted.**

Section 79, Constitution of North Dakota, among other things provides:

"If any bill shall not be returned by the governor within three days (Sundays excepted) after it shall have been presented to him, the same shall be a law

. . .

unless the legislative assembly, by its adjournment, prevent its return, in which case it shall be a law unless he shall file the same with his objections, in the office of the secretary of state, within fifteen days after such adjournment."

*Held,* construing said constitutional provision, that in computing the fifteen days' period in which the governor may exercise the veto power after the adjournment of the legislative assembly, Sundays are not excepted, consequently the attempted veto of house bill No. 410, relating to abstractors of titles passed by the twelfth legislative assembly on March 3d, became a law on March 18th, and the attempted exercise by the governor of his veto power as to such bill on March 21st is of no force or effect.

Opinion filed May 9, 1911.

Mandamus by the State, on the relation of A. R. Watkins, against P. D. Norton, Secretary of State.

Writ allowed.

*Engerud, Holt, & Frame,* for plaintiff.

*Andrew Miller,* Attorney General, and *C. L. Young,* Assistant Attorney General, for defendant.

FISK, J.  On the application of relator an alternative writ of mandamus was issued on April 28th, returnable on May 4th, commanding the defendant, as secretary of state, to cause to be published, as required by law, house bill No. 410, which act was passed by the twelfth legislative assembly on March 3d last, or show cause why he has not done so.  On the return day defendant appeared and urged as a reason why he should not be required to publish said act, that the same was duly and regularly vetoed by the governor.

The act in question is entitled as follows:

"A Bill for an Act to Amend §§ 2231–2232–2233–2234 of the Revised Codes of 1905 Relative to Abstractors of Titles."

The undisputed facts are that the twelfth legislative assembly adjourned *sine die* on March 3d, on which date such bill was duly transmitted to the governor for his approval or disapproval, and the governor took no action thereon until March 21st, on which date he assumed to exercise the veto power as to such bill by disapproving the same and returning it, with his disapproval, to the secretary of state. Between March 3d and March 21st there were three intervening Sundays, and the sole question for our determination is whether, in computing the fifteen days' period provided in § 79 of the Constitution

of this state in which the governor may approve or disapprove bills after the adjournment of the legislative assembly, these intervening Sundays shall be included or excluded. Section 79, in so far as the same is applicable, reads as follows: "If any bill shall not be returned by the governor within three days (Sundays excepted) after it shall have been presented to him, the same shall be a law unless the legislative assembly, by its adjournment, prevent its return, in which case it shall be a law unless he shall file the same with his objections, in the office of the secretary of state, within fifteen days after such adjournment."

It is contended by defendant that the qualifying words, "Sundays excepted," which immediately follow and qualify the words, "within three days," as used in the first part of said sentence, also relate to and should be held to qualify the words, "within fifteen days," as used in the latter part of such sentence. We deem it entirely clear that such construction is unwarranted. Had the same period of time been fixed in both instances, the construction contended for, no doubt, would be sustained, as was held in the following cases: People ex rel. Akin v. Rose, 167 Ill. 147, 47 N. E. 547; Capito v. Topping, 65 W. Va. 587, 22 L.R.A.(N.S.) 1089, 64 S. E. 845; Stinson v. Smith, 8 Minn. 366, Gil. 326; State ex rel. State Pharmaceutical Asso. v. Michel, 52 La. Ann. 936, 49 L.R.A. 218, 78 Am. St. Rep. 364, 27 So. 565.

But a careful examination of the above authorities serves to convince us that they are not in point in the case at bar. It will be noticed that in each of those cases the governor was allowed the same period of time after the adjournment of the legislature that was allowed him before such adjournment in which to act on bills, and this was a controlling fact in the decisions of those cases. The reasoning in the opinions in the above cases does not apply in construing the language of our Constitution, above quoted. The fact that the framers of our Constitution deemed it wise to exclude intervening Sundays in fixing the three days' period in no manner tends to show that, in fixing the fifteen days' period, they deemed it wise or necessary to also exclude intervening Sundays. They were dealing with two distinct periods of time, having no similarity; and if they intended to exclude intervening Sundays as to the larger period of time fixed by them, it is reasonable to assume that they would have expressly so provided.

While perhaps not controlling, it is a significant fact, entitled to

some weight, that the executive department ever since statehood and until the instant case, has apparently uniformly adopted a construction of such constitutional provision in harmony with our views above expressed. .

Peremptory writ will issue as prayed for.