JACOB CROISSANT, *Plaintiff in Error*, v. DESOTO IMPROVEMENT COMPANY, *Defendant in Error*.

Opinion Filed June 2, 1924.

1. Under the Constitution of this State (Sec. 28, Art. III) "every bill that may have been passed by the Legislature" which is duly "presented to the Governor," unless vetoed by him within the time limited by the Constitution, becomes a law.

2. Where an act is to be performed within a specified period of time the general rule for the computation of such period is to exclude the first day of the period and include the last day.

3. Generally, where a limitation of time is fixed within which a particular act is required to be performed and after which the performance of the act would be without effect, if the

time exceed a week intervening Sundays are included in the computation of time, but if less than a week an intervening Sunday is excluded.

4. The Constitution of this State (Sec. 28, Art. III) provides, among other things,

That "If any bill shall not be returned within five days after it shall have been presented to the Governor (Sunday excepted) the same shall be a law, in like manner as if he had signed it. If the Legislature, by its final adjournment prevent such action, such bill shall be a law, unless the Governor, within ten days after the adjournment, shall file such bill, with his objections thereto, in the office of the Secretary of State, who shall lay the same bofere the Legislature at its next session, and if the same shall receive two-thirds of the votes present it shall become a law."

The regular session of the Legislature of 1921 adjourned *sine die* on June 3, 1921. On the 14th day of June, 1921, the Governor filed the bill involved in this case, with his objections thereto, in the office of the Secretary of State.

*Held*: That the "ten days after adjournment" within which the Governor "shall file such bill, with his objections thereto, in the office of the Secretary of State," includes intervening Sundays, and that the period of time from June 3 to June 14 being more than ten days, the filing of the bill by the Governor, with his objections thereto, in the office of the Secretary of State on June 14, 1921, was after the expiration of this "ten days'" period of time and was without effect, the bill having become a law on the day before such objections were filed.

A Writ of Error to the Circuit Court for Duval County; Daniel A. Simmons, Judge.

Reversed.

*John E. Matthews*, for Plaintiff in Error;

No appearance for Defendant in Error.

WEST, J.—This is an action to recover the value of an automobile, the property of plaintiff, alleged to have been destroyed by a collision with an automobile of defendant while being negligently operated by its agent. There was a plea of not guilty. By stipulation a jury was waived and the case was submitted to the court for trial upon an agreed statement of facts. There was a finding and judgment for defendant. Plaintiff took writ of error from this court.

The object of the action seems to be to test the legality of the veto by the Governor of a bill (Senate Bill No. 131) passed by the legislature at the regular session of 1921 "with respect to the effect of the plea of not guilty in actions of tort." This is the decisive question in the case.

If the bill became a law notwithstanding the attempted veto, the scope of the plea of not guilty was so restricted that the agency of the driver of defendant's car was not denied. Every other element necessary to establish defendant's liability was by stipulation expressly admitted. If this act limiting the effect of the plea interposed was in effect as law, the agency of the driver of defendant's automobile was not denied, and the finding and judgment should have been for plaintiff.

The alleged invalidity of the veto is upon the ground that the bill with the Governor's objections thereto was filed with the Secretary of State after the time within which such action to be effectual had expired. The session of the Legislature at which the bill was passed adjourned *sine die* at twelve o'clock noon, Friday, June 3, 1921. On the 14th day of June, 1921, the Governor filed the bill with his objections thereto in the office of the Secretary of State. This action for its authority is predicated upon Section 28, Article III, Constitution of Florida. This section is as follows:

"Every bill that may have passed the Legislature shall, before becoming a law, be presented to the Governor; if he approves it he shall sign it, but if not he shall return it with his objections to the house in which it was originated, which house shall cause such objections to be entered upon its journal, and proceed to reconsider it; if, after such reconsideration, it shall pass both houses by a two-thirds vote of members present, which vote shall be entered on the journal of each house, it shall become a law. If any bill shall not be returned within five days after it shall have been presented to the Governor (Sunday excepted) the same shall be a law, in like manner as if he had signed it. If the Legislature, by its final adjournment prevent such action, such bill shall be a law, unless the Governor, within ten days after the adjournment, shall file such bill, with his objections thereto, in the office of Secretary of State, who shall lay the same before the Legislature at its next session, and if the same shall receive two-thirds of the votes present it shall become a law."

Under this provision of the Constitution "every bill that may have been passed by the Legislature" which is duly "presented to the Governor," unless vetoed by him within the time limited by the Constitution, becomes a law. Presentation to the Governor is essential. This is the last step in the legislative process. His approval is not essential. A. C. L. R. Co. v. Mallard, 53 Fla. 515, 43 South. Rep. 755. So that if the action of the Governor in filing the bill with his objections thereto in the office of the Secretary of State was after the expiration of the ten days' period, it was of no effect and the bill nevertheless became a law. And if the bill became a law, the action of the Secretary of State, who "lay the same before the Legislature at the next session," the regular session of 1923,

and the action of the Legislature in refusing to again pass the bill notwithstanding the veto, were nugatory.

The generally established rule for the computation of time recognized and accepted in this jurisdiction is that where an act is to be performed within a specified period of time, the first day is excluded and the last day of the period is included. Savage v. Savage, 18 Fla. 970; Simmons and Capen v. Hanne, 50 Fla. 267, 39 South. Rep. 77. This rule has been applied in computing the period of time within which a bill, duly passed and presented, will become a law if not returned or filed with his objections by the Governor. State v. Michel, 52 La. Ann. 936, 27 South. Rep. 565, 78 Am. St. Rep. 364; Beaudean v. Cape Girardeau, 71 Mo. 392; Carter v. Henry, 87 Miss. 411, Am. & Eng. Ann. Cas. vol. 6, p. 715; Corwin v. Comptroller General, 6 S. C. 390; State v. Sessions, 84 Kan. 856, 115 Pac. Rep. 641, Ann. Cas. 1912A, 796. The period of time from June 3 to June 14, applying this rule, excludes the 3 and includes the 14. The number of days within this period is eleven. But it is said that in making this computation the two Sundays are also to be excluded. If this is done, June 14, the day upon which the veto message was filed in the office of the Secretary of State, is "within the ten days after" June 3, the day of the "adjournment" of the Legislature. It becomes necessary, therefore, to determine whether Sundays are to be included or excluded in the computation of the "ten days" allowed by the Constitution to the Governor after "final adjournment" within which his "objections" to a bill to be effectual must be filed in the office of the Secretary of State. From the five days' period allowed by the Constitution within which the Governor is required to return bills "with his objections" which may have been passed and presented to him while the Legislature is in session, Sundays are ex-

pressly "excepted." But intervening Sundays are not expressly excepted from the ten days' period after final adjournment within which veto messages may be filed. As to whether they are or are not excepted from this latter period the Constitution is silent.

In State v. Michel, *supra,* it is said that "there is a rule of general, though perhaps not of universal, acceptance, that where a limitation of time is fixed within which a particular act or thing is required to be done, if done at all, after which performance, or the doing of the thing, would be without effect, if the time exceed a week, an intervening Sunday is to be excluded." The court in that case was dealing with the section of the Constitution of the State of Louisiana giving effect as law to a bill passed by both houses of the Legislature and presented to the Governor unless returned by him "within five days after it shall have been presented to him." The precise question presented by this cause was not involved. The case being considered was within the rule applicable to periods of "less than a week" and Sunday was excluded. But the rule announced finds support in a number of cases. Geneva Cooperage Co. v. Brown, 124 Ky. 16, 98 S. W. Rep. 279, 124 Am. St. Rep. 388; American Tobacco Co. v. Strickling, 88 Md. 500, 41 Atl. Rep. 1083; State v. Gandy, 87 S. C. 523, 70 S. E. Rep. 163; Stevenson v. Donnelly, 221 Mass. 161, 108 N. E. Rep. 926; Ann. Cas. 1917E, 932 and note.

In Simmons and Capen v. Hanne, *supra,* this court said: "The great weight of authority is that in computing the time within which an act required by any statute must be done, if the last day falls on a Sunday, it cannot be excluded, and the act done on the Monday following, unless there is some statute providing that the Sunday should be excluded from the computation, or the intention

of the Legislature to exclude it is manifest.'' Applying this rule, it was held that where the last day of the six months' period within which a writ of error is required by statute to be sued out falls on Sunday, it could not be excluded in the computation of the time allowed, and therefore the writ of error sued out on the following day, Monday, not being within six months, was dismissed.

But in *In re* Senate Resolution, Relating to Senate Bill No. 56, 9 Colo. 632, 21 Pac. Rep. 475, the supreme court of Colorado, in considering whether a Sunday, which fell upon the last day of the ten days allowed by the Constitution of the State to the Governor for consideration and return of bills presented to him, should be included, while expressing the opinion that if Sunday had intervened between the day of presentation and the return day it would have legally constituted one of the ten days, held ''from reason and principle'' that where the last day of such ten-day period fell on Sunday it should be excluded from a computation of such time.

While most, if not all, of the States have similar constitutional provisions, cases directly in point are few in number.

In Capito v. Topping, 65 W. Va. 587, 64 S. E. Rep. 845, the supreme court of appeals of West Virginia was dealing with a question similar to the one involved here. The constitutional provision of West Virginia is as follows: ''Any bill which shall not be returned by the Governor within five days (Sunday excepted) after it shall have been presented to him, shall be a law, in like manner as if he had signed it, unless the legislature shall, by their adjournment prevent its return, in which case it shall be filed with his objections, in the office of the Secretary of State, within five days after such adjournment, or become a law.'' The court in the course of its opinion said: ''Two

questions relating to the computation of time have been argued. One of these is whether a Sunday occurring within five days from adjournment is to be excluded. In our opinion the settled rules of construction, reason, and authority all point to an affirmative answer to this question. Sundays are excluded from the five days allowed the Governor for action on bills passed prior to adjournment. This defines the five-day period, subsequently used in the same section. The Governor is required to do certain work within five days, not be engaged in a certain way or at a certain place for five days. As no intention to require work of him on Sunday can be presumed, and work for five days is marked out for him, it is reasonable to say five working days were contemplated.''

In Stinson v. Smith, 8 Minn. 366, the supreme court of Minnesota was construing the following provision of the State constitution: ''If any bill shall not be returned by the Governor within three days (Sundays excepted) after it shall have been presented to him, the same shall be a law in like manner as if he had signed it, unless the legislature, by adjournment within that time, prevent its return, in which case it shall not be a law. The Governor may approve, sign and file in the office of the Secretary of State, within three days after the adjournment of the legislature, any act passed during the last three days of the session, and the same shall become a law.'' The court said: ''Construing the last clause of the section above quoted, according to its strict letter, we should probably be required to hold the act in question void, as not having been signed and filed within the prescribed time. We are satisfied, however, that the intent and spirit of the instrument require a different construction; and that the purpose of the framers of the constitution was to give the governor three full working days, after the adjournment,

for the consideration and filing of bills. Such time is expressly granted during the session of the legislature; and as the clauses occur in close connection, treating of the same subject matter, it does not seem unreasonable to hold that the exception of Sunday applies to the latter, although not repeated in terms. If it was thought proper to grant the executive three full working days for the consideration of bills during the session of the legislature, it is difficult to see why the same time should not be granted for the same purpose after the adjournment of that body. And indeed the reason is very much stronger for granting such time in the latter cases, since it is notorious in the history of legislative bodies that a far greater number of important bills are usually passed during the last three days of the session than within the same length of time, at any period previous during the session."

In State v. Norton, 21 N. D. 473, 131 N. W. Rep. 257, a similar question was presented. But there is this difference, the time allowed for veto messages before and after adjournment is three and fifteen days respectively. The Constitution of the State provides that "If any bill shall not be returned by the Governor within three days (Sundays excepted) after it shall have been presented to him, the same shall be a law unless the legislative assembly, by its adjournment, prevent its return, in which case it shall be a law unless he shall file the same with his objections, in the office of the Secretary of State, within fifteen days after such adjournment." The court, construing this constitutional provision, holds that in computing the fifteen-day period in which the Governor may exercise the veto power after adjournment of the Legislature, Sundays are not excepted but are included in such period, and differentiates the case from the authorities from which we have quoted and which the court there referred to. The court

said: "But a careful examination of the above authorities serves to convince us that they are not in point in the case at bar. It will be noticed that in each of those cases the Governor was allowed the same period of time after the adjournment of the Legislature that was allowed him before such adjournment in which to act on bills, and this was a controlling fact in the decisions of those cases. The reasoning in the opinions in the above cases does not apply in construing the language of our Constitution above quoted. The fact that the framers of our Constitution deemed it wise to exclude intervening Sundays in fixing the three-day period in no manner tends to show that in fixing the fifteen-day period they deemed it wise or necessary to also exclude intervening Sundays. They were dealing with two distinct periods of time, having no similarity, and if they intended to exclude intervening Sundays as to the larger period of time fixed by them it is reasonable to assume that they would have expressly so provided."

In Minor v. McDonald, 104 Tex. 461, 140 S. W. Rep. 401, a similar question was considered by the supreme court of Texas. The constitutional provision of the State is as follows: "If any bill shall not be returned by the governor with his objections within ten days (Sundays excepted), after it shall have been presented to him, the same shall be a law in like manner as if he had signed it, unless the legislature, by its adjournment, prevent its return, in which case it shall be a law, unless he shall file the same, with his objections, in the office of the secretary of state, and give notice thereof by public proclamation within twenty days after such adjournment." The question to be decided was whether intervening Sundays should be excluded in the computation of the twenty days allowed the governor to veto a bill after the adjournment of the

legislature. The court referred to the general rule excluding Sundays from periods of time of less than a week and including intervening Sundays in the computation of periods of time of more than a week, recognizing it as applicable, referred to the several cases from other jurisdictions, differentiated those where the time was less than a week from those where the time was more than a week, accepted the construction placed upon a similar provision of the constitution of North Dakota by the supreme court, and followed the case of State v. Norton, *supra*, holding that intervening Sundays were included.

We have referred to four cases on this point. The holding in every one of them is perfectly consistent with the general rule referred to by which "if the time exceed a week, an intervening Sunday is to be included in the computation; if less than a week, Sunday is to be excluded."

In Capito v. Topping, *supra*, and Stinson v. Smith, *supra*, the time allowed the Governor after adjournment of the legislature to veto a bill was less than a week, and in each it was held that the intervening Sundays should be excluded in the computation of the time.

In State v. Norton, *supra*, and Minor v. McDonald, *supra*, the time allowed the Governor after adjournment of the Legislature to veto a bill was more than a week, and in each case it was held that intervenings Sundays should be included in the computation of the time.

In People v. Rose, 167 Ill. 147, 47 N. E. Rep. 547, the supreme court of Illinois was dealing with a like question. The constitution of the State of Illinois provides that "any bill which shall not be returned by the governor within ten days (Sundays excepted) after it shall have been presented to him, shall become a law in like manner as if he had signed it; unless the general assembly shall by their adjournment, prevent its return, in which case it shall be

filed with his objections in the office of the secretary of state, within ten days after such adjournment, or become a law.'' The court said: ''In construing this paragraph, under the facts averred in the petition, it becomes material to determine whether the words 'within ten days after such adjournment' include or exclude Sundays. The paragraph consists of a single sentence in the first clause, of which use is made of the words 'within ten days,' followed by the further words 'Sundays excepted,' in parenthesis. The words 'within ten days,' used in the last clause of the sentence, must be given the same meaning as that indicated by their use in the first clause, and will be held to mean within ten days of such adjournment exclusive of Sundays.'' This case may be distinguished from the controlling principle of the other cases. The construction adopted excludes intervening Sundays from the time allowed for vetoing a bill after adjournment of the legislature, although not expressly excepted, and the time exceeds a week. The time allowed before and after adjournment is the same. That the paragraph containing the provision with respect to both periods consisted of a single sentence was considered significant and the two expressions ''within ten days'' being identical, were given the same meaning. The words ''Sundays excepted'' being expressed as to one period were implied as to the other like period. But if this case is not distinguishable in principle from the others, it may be regarded as an exception to what seems to be a general, though not invariable, rule applicable in this class of cases. It is not applied to periods exceeding a week where the intention to exclude intervening Sundays is manifest from the language employed.

The case of Simmons and Capen v. Hanne, *supra,* may not be regarded as binding authority for holding that intervening Sundays should be included in the ten-day

period allowed for the filing of veto messages, or against excluding them. The court in that case was dealing with a period consisting of six calendar months. But the holding that in computing the time within which an act required by statute must be done, if the last day falls on Sunday it cannot be excluded unless the intention of the legislature to exclude it is manifest, is of some persuasive force in the consideration of this question. Besides, in that case the court quoted approvingly from another jurisdiction the rule that where "the legislature fixes a limitation of more than seven days it knows that the period must necessarily include one or more Sundays, and hence if it intends to exclude them it can and should say so," and held that it must stop where the statute stops.

We have found no case where this court has excluded intervening Sundays in the computation of any period of time within which an act is required by statute to be done where the period exceeds a week. The rule is to include intervening Sundays in such computations. "Regular sessions of the Legislature may extend to sixty days." Sec. 2, Art. III, Const. The Legislative construction of this period of "sixty days" includes Sundays.

It may be said that the veto is itself a practical construction by the Governor of the "ten days" period "after adjournment" which should be given consideration. But over against this is the construction given by the executive department of the State government to the "sixty days" period of regular sessions of the Legislature. The State Treasurer pays the per diem of members of the Legislature from public funds upon warrants drawn by the State Comptroller, countersigned by the Governor, and in doing so includes intervening Sundays as a part of the "sixty days'" period. The two are inconsistent and

illustrate the unwisdom of substituting practical construction for established applicable principles.

The constitutional provision under consideration is in terms consistent with the general rule that in periods of less than a week Sundays are excepted, and in periods exceeding a week intervening. Sundays are included. The two periods allowed are in separate, complete sentences. That the constitution makers considered the question is obvious. That "Sundays excepted" is inserted in parenthesis in the five-day period allowed before adjournment and omitted entirely in the ten-day period allowed after adjournment, indicates an intent to except Sundays in one case only and forbids a construction that language excepting them in the latter period be supplied by implication. Giving consideration to the language employed, judicial interpretation and legislative construction, the conclusion seems clear that the ten days' period allowed after final adjournment for veto messages includes intervening Sundays, and that the veto message here involved was filed with the Secretary of State after the time allowed had expired, and after the bill became a law.

The judgment is reversed and the court below is directed to enter judgment for plaintiff.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur.

WHITFIELD AND TERRELL, J. J., dissent. ;

WHITFIELD, J.—Dissenting.

The Constitution of 1885 is a revision of that of 1868. In the Constitution of 1868 the provision limiting the time for vetoing legislative bills by the Governor is the same as in the present Constitution except as to the time after the

adjournment of the Legislature for the Governor to exercise his veto power which in the Constitution of 1868 is "within ten days next after the adjournment," while in the Constitution of 1885 the provision is "within ten days after the adjournment." The omission of the word "next" from the present organic law must have been intended to have some effect. If Sundays are excepted during the legislative session, there is greater reason for excepting Sundays after the adjournment. Stinson v. Smith, 8 Minn. 367. The mere fact that five days are allowed the Governor during the legislative session to veto bills and ten days are allowed him for that purpose after adjournment, should not operate to exclude Sundays in the first case and not in the last, since the Governor is not presumed to work on Sundays after adjournment any more than during the legislative session. Sundays were excluded by construction in a ten-day period in People ex rel. Akin v. Rose, 167 Ill. 147, 47 N. E. Rep. 547. The manifest purpose of the organic provision is to give the Governor the stated number of days that are working days in either case. It is a matter of common knowledge that a major portion of the laws are passed during the latter part of the legislative session and that at the adjournment of every regular session of the Legislature there are many scores of bills awaiting the Governor's consideration and action thereon; and as such large number of bills require much time for their consideration, and as the law does not contemplate that the Governor shall work on Sundays, the reasonable intent of the entire organic provision is that the Governor shall have ten days excluding Sundays after adjournment of the Legislature in which to consider and to approve or veto the large number of bills presented to him during the last five days of the legislative session. This interpretation of the organic provision acted on by the

Governor, whose primary duty it is to interpret the provision in the performance of his high executive duties under the Constitution, is a reasonable one, and may be adopted by the courts, since the executive interpretation is consistent with and is in no way repugnant to, the language and purpose of the organic provisions considered as an entirety; and arbitrary or technical rules of construction should not be applied when not necessary to ascertain the intent of the organic law.