## Grant Estate.

Argued March 26, 1954. Before STERN, C. J., STEARNE, JONES, BELL, MUSMANNO and ARNOLD, JJ.

*Francis J. Gafford*, Deputy Attorney General, with him *H. Carl Brandt*, Special Deputy Attorney General, *Joseph M. Gelman*, Counsel, and *Frank F. Truscott*, Attorney General, for appellant.

*Fred Shoemaker*, with him *Shoemaker & Knoell*, for appellee.

OPINION BY MR. CHIEF JUSTICE HORACE STERN, May 24, 1954:

The decedent, Talmage D. Grant, died at 11:55 A.M. on December 21, 1951. On that same day the Governor signed the bill increasing the collateral inheritance tax of 10% established by the Act of June 20, 1919, P. L. 521, to 15% (Act of December 21, 1951, P. L. 1713). It was not disclosed, and apparently cannot be ascertained, at what hour of the day the bill was signed. It provided in Section 2 that "This act shall become effective immediately upon its final enactment." The Commonwealth assessed the tax at the rate of 15% on the distributable assets of decedent's estate but the court below held that the new act was not applicable in the absence of proof that it was actually in effect at the moment of decedent's death and therefore only the 10% tax could be collected. From its final decree so holding the Commonwealth has appealed.

The Commonwealth relies on the general rule that a day is regarded in the law as an indivisible unit or period of time which begins with its first moment, and, in conformity with that rule, a statute is ordinarily deemed to take effect from the beginning of the day on which it is enacted. It is well established, however, that the rule in question is a mere legal fiction and will be disregarded where its application would unjustly impair personal or property rights, in which case courts will take cognizance of the actual hour or time of the happening of an event, the doing of an act, or the passage of a statute.

"Both as to contracts and statutes, the rigidity of this rule has been much relaxed, and the same has, indeed, been said to be inapplicable in cases where the purposes of justice require the court to notice fractions of a day; . . .": Endlich on Interpretation of Statutes, § 389, pp. 544, 545.

"When a statute is to take immediate effect the rule that the law takes no notice of fractions of a day has largely been abrogated in determining the precise time of its taking effect. Lord Mansfield said, 'though the law does not in general allow of the fractions of a day, yet it admits it in cases where it is necessary to distinguish; and I do not see why the very hour may not be so too, where it is necessary and can be done.' The necessity for this exists when an act is done on the same day a statute affecting the act is passed, because an act committed before the statute is passed should not be affected by the statute, and an act done after the passage of the statute should be affected by it. A statute should not commence operation six hours before its passage just as a statute should not be effective six days or six years before its actual enactment. A statute which is to take immediate effect is operative from the exact instant of its becoming law by the weight of American authority." Sutherland on Statutory Construction, (3d ed.), volume 1, p. 274, §1608.

In note (9) to Book 2, *141 of Blackstone it is said, quoting from *Smith v. Board of County Commissioners of Jefferson County,* 10 Colo. 17: "It is true that for many purposes the law knows no division of a day; but, whenever it becomes important for the ends of justice, or in order to decide upon conflicting interests, the law will look into a fraction of a day as readily as into the fractions of any other unit of time. The rule is purely one of convenience, which must give way whenever the rights of parties require it."

It would serve no useful purpose to cite the numerous cases, involving a variety of facts and circumstances, where the rule was not applied. Certainly it has never been applied in the case of criminal statutes, and, in our opinion, it should not be applied in the case of tax statutes, especially in view of the well

known inclination of the law to favor the taxpayer where the question of liability is in serious doubt.* Here the act expressly provided that it should become effective immediately upon its final enactment and we think this means at the moment when the Governor appended his signature.

In the administrator's petition for distribution it was alleged that the act was not approved by the Governor until after 12 o'clock noon on the 21st of December, 1951, and therefore after the hour of decedent's death. No testimony was offered by the Commonwealth in contradiction of that assertion. It was the burden of the Commonwealth to prove that at the time of the decedent's death the statute increasing the collateral inheritance tax was in force and effect, and this it failed to do. The Court therefore properly held that the applicable rate of taxation was 10%.

Decree affirmed.

---

* The Commonwealth calls attention to the case of *Huber's Estate*, 27 Dist. 25, where a decedent died about five o'clock in the morning of the day the Fiduciaries' Act of 1917 was signed. That Act entitled the widow to claim an exemption of $500.00. It was held that the act must be deemed to have become effective on the first moment of the day on which it was enacted and that therefore the widow was entitled to the exemption. It will be observed, however, that the rule was there applied to carry out the obviously beneficient purpose of the new act and not, as in the present case, to impose an increased tax.