**Rayburn WATKINS, Appellant,**

v.

**Harry Lee WATERFIELD et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 30, 1956.

Rehearing Denied Feb. 8, 1957.

Robert T. Caldwell, J. G. M. Robinson, Ashland, for appellant.

Jo M. Ferguson, Atty. Gen., Walter C. Herdman, Asst. Atty. Gen., for appellees.

WADDILL, Commissioner.

The sole question presented by this appeal is whether, under Section 88 of the Kentucky Constitution, bills may be vetoed

on the eleventh day (including Sundays) after the enacting legislature has adjourned.

The regular session of the legislature adjourned sine die on February 18, 1956. On February 29, the eleventh day after the day of adjournment, eight bills which had been enacted at that session were vetoed. The defendants whose duty it is to publish in the official Kentucky Revised Statutes all legislative acts which become law, refused to publish these eight acts on the ground that the vetoes were timely. The plaintiff, suing as a citizen and taxpayer, sought a mandatory injunction requiring the defendant to publish the acts in question, on the ground that the bills had become law by operation of Section 88 of our State Constitution. The circuit court dismissed the petition, holding that "Sundays cannot be counted within the 10 days given the Governor for his veto."

The part of Section 88 that we must consider is as follows:

"* * * If any bill shall not be returned by the Governor within ten days (Sundays excepted) after it shall have been presented to him, it shall be a law in like manner as if he had signed it, unless the General Assembly, by their adjournment, prevent its return, in which case it shall be a law, unless disapproved by him within ten days after the adjournment, in which case his veto message shall be spread upon the register kept by the Secretary of State. * * *"

The question presented in this case is a matter of first impression for this Court. However, there are several decisions of sister states which involved the same or a similar question. In People ex rel. Akin v. Rose, 167 Ill. 147, 47 N.E. 547, 548, the Supreme Court of Illinois dealt with the identical question that we have before us, that is with respect to the construction of the parenthetical phrase (Sundays excepted), as it may apply to the period of time following adjournment in which a veto can be validly executed. The Illinois Constitution, Article 5, § 16, S.H.A., reads:

"* * * Any bill which shall not be returned by the Governor *within ten days (Sundays excepted)* after it shall have been presented to him, shall become a law in like manner as if he had signed it; unless the General Assembly shall, by their adjournment, prevent its return, in which case it shall be filed with his objections in the office of the Secretary of State, *within ten days after such adjournment* or become a law. * * *" (Emphasis ours.)

In construing the above quoted provision the Illinois Supreme Court said:

"* ** * In construing this paragraph, under the facts averred in the petition, it becomes material to determine whether the words 'within ten days after such adjournment' include or exclude Sundays. The paragraph consists of a single sentence in the first clause, of which use is made of the words 'within ten days,' followed by the further words, 'Sundays excepted,' in parentheses. The words, 'within ten days,' used in the last clause of the sentence, must be given the same meaning as that indicated by their use in the first clause, and will be held to mean within 10 days of such adjournment exclusive of Sundays. * * *"

The Supreme Court of Appeals of West Virginia was confronted with a question similar to ours in Capito v. Topping, 65 W.Va. 587, 64 S.E. 845, 847, 22 L.R.A., N.S., 1089. The only difference being that the number of days involved was five instead of ten. The court in the course of its opinion said:

"* * * Two questions relating to the computation of time have been argued. One of these is whether a Sunday occurring within five days from adjournment is to be excluded. In our opinion the settled rules of construction, reason, and authority all point to

an affirmative answer to this question. Sundays are excluded from the five days allowed the Governor for action on bills passed prior to adjournment. This defines the five-day period, subsequently used in the same section. The Governor is required to do certain work within five days, not to be engaged in a certain way or at a certain place for five days. As no intention to require work of him on Sunday can be presumed, and work for five days is marked out for him, it is reasonable to say five working days were contemplated. * * *"

See, also, Stinson v. Smith, 8 Minn. 366, Gil. 326.

There are several other decisions holding that "(Sundays excepted)" as applied to the period of time before adjournment, did not apply to the time allotted after adjournment. But in those cases the time elements involved were different. For instance, in Croissant v. De Soto Improvement Co., 87 Fla. 530, 101 So. 37, the periods were five and ten days respectively. In State ex rel. Watkins v. Norton, 21 N.D. 473, 131 N.W. 257, the time elements were three days and fifteen days. In Minor v. McDonald, 104 Tex. 461, 140 S.W. 401, it was ten days and twenty days. In all those cases the court said that People ex rel. Akin v. Rose and others were not in point since the controlling factor in those cases was the same time allowed both before and after adjournment. As we have shown the time elements under Section 88 of the Kentucky Constitution are identical and for that reason the Croissant case and others are not in point in the present case.

■ The appellant contends that the case of Arnett v. Meredith, 275 Ky. 223, 121 S.W.2d 36, 119 A.L.R. 1183, is conclusive on the question raised here. We do not agree with this contention. The Arnett case involved the validity of a veto made after adjournment without any reasons being given for the veto. This Court held the veto invalid and said that Section 88 of our Constitution should be strictly construed. However, strict construction does not mean that the purpose and intent of the framers of our Constitution cannot be used to determine the meaning of such a limitation as we have in this case. The parenthetical phrase (Sundays excepted) defines what is meant by "within ten days." This definition applies with equal force to any reference to "within ten days" that occurs in the sentence. The purpose of this particular sentence was to give the Governor ten days to consider bills enacted before signing them or vetoing them. The meaning of the qualification (Sundays excepted) is obviously that the framers did not expect the Governor to work on Sundays. Certainly the framers did not intend that the Governor was not to work on Sundays during the session, but he was to work on Sundays after adjournment.

■ It is a matter of common knowledge that a great number of laws are passed in the last days of the legislative session and that at the time for adjournment there are scores of bills for the Governor's consideration and action. Therefore, the reasonable intent of Section 88 is that the Governor shall have ten full days, excluding Sundays, after adjournment in which to consider the vast amount of legislation passed during the last ten days of the legislative session.

In view of the logical reasoning contained in People ex rel. Akin v. Rose, 167 Ill. 147, 47 N.E. 547, and the cases that follow it, we hold that the meaning of the words "within ten days," as they appear in the latter part of the sentence previously quoted from Section 88 of the Kentucky Constitution, is ten days following adjournment exclusive of Sundays.

Judgment affirmed.