## Hood Unemployment Compensation Case.

Argued June 16, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*Helen Hood,* appellant, in propria persona, submitted a brief.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY GUNTHER, J., September 16, 1960:

The Board of Review dismissed claimant's appeal as not being timely filed under section 502 of the Unemployment Compensation Law, 43 P.S. 822. The bureau and the referee, after hearing on the merits, ruled that claimant voluntarily terminated her employment without cause and, therefore, was disqualified under section 402(b) of the Law. It is unnecessary to discuss the merits inasmuch as we fully agree with the board that the claim should be dismissed under section 502.

The last day for filing an appeal of the referee's decision was February 1, 1960. Appellant did not proceed until February 3, 1960, when she mailed a letter to the bureau indicating her desire to appeal.

In the *Bee Unemployment Compensation Case,* 180 Pa. Superior Ct. 231, 119 A. 2d 558, the Court held that in the absence of fraud the board had no authority to extend the appeal period. One who has failed to appeal within ten days is not entitled to a hearing on the merits. *Abrams Unemployment Compensation Case,* 180 Pa. Superior Ct. 580, 119 A. 2d 656.

There are no extenuating circumstances that would authorize the board to extend the time for filing of this appeal.

The claimant contends as follows: "Claimant initiated appeal of decision on February 3, 1960, which was 10 legal days allowed discounting two (2) Sundays which are not to be considered for legal negotiation."

90

Counsel for the board argues that if there are two intervening Sundays, as in this case, then both Sundays must be included in the computation of the ten day appeal. We agree with the board's contention.

Decision is affirmed.