## Governor's Approval of Legislation

PACKEL, Attorney General, October 2, 1974.—You have asked for our opinion regarding the computation of time within which the Governor must take action on a bill before it becomes law without his signature. Article IV, Sec. 15, of the Pennsylvania Constitution reads, in part:

"If any bill shall not be returned by the Governor within ten days after it shall have been presented to him, the same shall be a law in like manner as if he had signed it."

It is our opinion that the proper computation of the ten-day period provided for the Governor to act on bills presented to him is to exclude the day of presentation and to include the tenth calendar day thereafter, regardless of whether the tenth day falls on a Saturday, Sunday or legal holiday. The Governor may sign or return a bill on the day of presentation. If the Governor takes no action on a bill by the end of the tenth day, the bill becomes law on the tenth day.[1]

---

[1] Note carefully the distinction between the determination of when bills become law and the determination of when acts become effective. This opinion concerns only the former. As to effective dates and times:

". . . [T]he general rule [is] that a day is regarded in the law as an indivisible unit or period of time which begins with its first moment, and, in conformity with that rule, a statute is ordinarily deemed to take effect from the beginning of the day on which it is enacted. It is well established, however, that the rule in question is a mere legal fiction and will be disregarded where its application would unjustly impair personal or property rights, in which case courts will take cognizance of the actual hour or time of the happening of an event, the doing of an act, or the passage of a statute." Grant Estate, 377 Pa. 264, 266 (1954).

Under this reasoning, the Pennsylvania Supreme Court in In re Grant's Estate, *supra*, held a statute increasing rates of taxation operative only from the exact instant of its becoming law. The court in In re Huber's Estate, 27 Dist. R. 25 (1917), however, held another statute operative from the first moment of the day on

Three bills have become law without the Governor's signature in 1974, as they were neither signed nor returned to their originating House within ten days of presentation to the Governor. The bills and their dates of enactment are:

1. House Bill 1911, Printer's No. 2772; Act of May 2, 1974, P. L. 298 (No. 76), 71 PS §152.

2. House Bill 1912, Printer's No. 2773; Act of May 2, 1974, P. L. 300 (No. 77), 71 PS §741.3 (note).

3. House Bill 1661, Printer's No. 2967; Act of June 14, 1974, P. L. 367 (No. 103), 71 PS §§398 et seq.

The first major issue is whether the day of presentation of bills to the Governor is included in computing the ten-day period in which the Governor has to act. "The period of time referred to in any law is computed so as to exclude the first and include the last day of any such period": Commonwealth v. Kuhn, 200 Pa. Superior Ct. 649, 654 (1963); Gibson v. Pittsburgh Transportation Co., 311 Pa. 312 (1933); Cromelion v. Brink, 29 Pa. 522 (1858). See also section 1908 of The Statutory Construction Act of 1972 (No. 290), 1 Pa. C. S. §1908. More specifically: "In computing the period of time within which the chief executive of a state may approve an act of the legislature presented to him, or within which the act, if not returned, will become law, the rule is that the day of presentation is to be excluded and the last day included": Annot., 54 A. L. R. 339, 340, citing Croissant v. De Soto Improv. Co. 87 Fla. 530, 101 So. 37 (1924); State ex rel. Putnam v. Holm, 172 Minn. 162, 215 N. W. 200 (1927). Therefore, in the computation of the ten days within

which it was signed, so that the decedent's estate received the beneficial effect of that statute. See also 2 Sutherland, Statutory Construction, §33.10 (4th Ed., 1973); Statutory Construction Act of 1972, 1 Pa. C. S. §1501, et seq.

which the Governor may act, the day of presentation is not counted as the first day.[2]

Secondly, the question is whether in counting the days in which the Governor may act, all calendar days are counted. "Unless expressly excluded . . . intervening Sundays, Saturdays, and legal holidays, that is, such days which fall on neither the first nor last day, are to be included in computing a period of time, even though the period is shorter than a week": 37 P. L. Encyc. 110, §25 (1961), citing Hood Unemployment Compensation Case, 193 Pa. Superior Ct. 88; Alexander Unemployment Compensation Case, 398 Pa. 551 (1960); Edmundson v. Wragg, 104 Pa. 500 (1884); Balitski v. Springfield Coal Co., 46 D. & C. 273 (1943).

As a consequence, the proper computation of days for action on the three above-mentioned bills is made as follows:

1. House Bills 1911 and 1912 were presented to the Governor on Monday, April 22, 1974; the first day was Tuesday, April 23rd; the tenth and last day for action was Thursday, May 2, 1974.

2. House Bill 1661 was presented to the Governor on Tuesday, June 4, 1974; the first day was Wednesday, June 5th; the tenth and last day for action was Friday, June 14, 1974.

You will note that the tenth day within which

---

[2] We emphasize at this point that the Governor may sign or return a bill on the day of presentation and, most certainly, need not wait until the first day to take action. The word "within" is "synonomous with 'not later than,' or 'any time before,' or 'before the expiration of '", and fixes "not the beginning but merely the end of the period in which to act.": Duddy v. Conshohocken Printing Co., 163 Pa. Superior Ct. 150, 154 (1948). That the Governor may sign or return a bill on the day of presentation has centuries of historical precedent and need not be discussed further.

some action on House Bill 1661 had to take place was Friday, June 14, 1974, a legal holiday (Flag Day); Act of September 21, 1965, P. L. 534 (No. 274) as amended 44 PS §11. This fact presents a third issue as to whether, if the tenth and last day for action falls on Saturday, Sunday or legal holiday, such day shall be included in the computation. It is our opinion that Saturdays, Sundays and legal holidays do not toll the computation of days if the tenth and last day for action falls on one of these days. The Statutory Construction Act of 1972, at 1 Pa. C. S. §1908, is not applicable in this situation because the mandate of the Constitution as to computation of days is clear and unambiguous on its face. Provisions found elsewhere in the Pennsylvania Constitution are effective regardless of whether a specified day falls on a Saturday, Sunday or legal holiday. For example article II, sec. 4 of the Pennsylvania Constitution, reads, in part:

"The General Assembly . . . shall meet at twelve o'clock noon on the first Tuesday of January of each year."

Although the first Tuesday of January 1974, was New Year's Day and a legal holiday, Act of September 21, 1965, supra, the General Assembly met on that day in compliance with the Constitution.

The vast majority of State constitutions and the Federal Constitution read, "If any bill shall not be returned by the [chief executive] within [a certain number of] days (*Sundays, excepted*) . . . ." (Emphasis supplied).

Only the Constitution of Colorado is identical to the sentence at issue in article IV, sec. 15, of the Pennsylvania Constitution. A Pennsylvania Attorney General's Opinion (Signing of Bills by the Governor, 24 Dist. R. 352 (1915)), holds that if the last day for action falls on a Sunday, the Governor has Monday to

return or sign the bill. It is our opinion that this holding was unwarranted and, to the extent that it is inconsistent with this opinion, is overruled. The 1915 opinion offers only one citation in support of its proposition that Sundays are excepted from computation as to the last day for action on a bill: Computation of time, 9 Colo. 632, 21 Pac. 475 (1886). Other citations given are to cases in States with constitutional provisions dissimilar to our own. The Colorado decision does not cite a single case to justify its holding that because the last day for action on a bill fell on a Sunday, "it follows from reason and principle that the return-day was continued by operation of law until Monday": Id. Moreover, the Colorado court's finding is based on a premise which does not apply in Pennsylvania. The Colorado opinion notes that since the General Assembly was not in session on Sunday, the Governor had no opportunity to communicate with that body. This reasoning is not applicable in this Commonwealth for three reasons. First, nothing in the Pennsylvania Constitution prohibits the General Assembly from meeting, or the Governor from acting, on a Saturday, Sunday or legal holiday. Second, the Governor may sign or veto a bill on a Sunday or any other day. Third, the General Assembly need not be meeting in Harrisburg for the Governor to return a bill to its originating House.[3]

Finally, there is the question of the date of enactment of a bill if the Governor does not take any action on the bill within the ten-day period. The Governor

---

[3] The common-law rule that Sunday is dies non juridicus does not apply in this situation, as the Governor's approval or veto of bills is a ministerial rather than a judicial function: Cooper v. Nolan, 159 Tenn. 379, 19 S. W. 2d 274 (1929). See also 83 C.J.S., 870, §41, et seq. (1963); 73 Am. Jur. 2d, Sundays and Holidays §122 (1974).

has the power to choose not to sign a bill and allow it to become "a law in like manner as if he had signed it": Pa. Constitution, art. IV, sec. 15. If he chooses to sign, he must do so on or before the tenth day, as discussed above. Therefore, since a bill neither signed nor returned becomes law *as if the Governor had signed it,* the day on which it becomes law is the tenth and last day for action. In other words, if no other action has come before, one of three actions must take place on the tenth day:

1. The Governor signs the bill into law.

2. The Governor returns the bill to its originating House.

3. The bill becomes law as if the Governor had signed it.

Therefore, it is our opinion and you are hereby advised that the proper computation of the ten-day period provided for the Governor to act on bills presented to him is to exclude the day of presentation and to include the tenth calendar day thereafter, regardless of whether the tenth day falls on a Saturday, Sunday or legal holiday. The Governor may sign or return a bill on the day of presentation. If the Governor takes no action on a bill within ten days, the bill becomes law on the tenth day.