## Petition to Establish Election Districts

*John P. Trevaskis, Jr.,* for petitioners.
*S. Norwood Wherry,* for respondents.

KELLY, *J.,* October 12, 1976—On or about November 4, 1975, the home rule charter proposed by the Government Study Commission of the Township of Upper Providence was adopted by the voters of the township. Said government study commission had completed and approved a proposed home rule charter on July 2, 1975. On July 30, 1975, the government study commission published its report and distributed copies throughout the township.

Pursuant to the home rule charter adopted by the voters of the Upper Providence Township and in accordance with section 213 of Act 62, The Home Rule Charter and Optional Plans Law, Act of April 13, 1972, P.L. 184, 53 P.S. §1-213, the transition committee prepared a revised election district plan equalizing the five election districts of the township and making possible the election by districts of council members at the 1977 municipal election. The township solicitor filed a petition with the court pursuant to section 213(c) of Act 62 which provides:

"New or revised districts shall be established by the court of common pleas in the county within ninety days from the date of approval by the electorate of a new form of government."

A hearing was scheduled for July 7th, at which time testimony was to be presented by members of the transition committee. At the commencement of

said hearing, certain electors of the Township of Upper Providence filed preliminary objections challenging the jurisdiction of the court and the procedure utilized by the transition committee in preparing a revised district plan and presenting said plan to the court for its approval.

The issue thus presented is whether or not the Court of Common Pleas of Delaware County has subject matter jurisdiction to entertain the joint petition of the transition committee and the supervisors of the Township of Upper Providence.

On July 30, 1975, section 213(c) was amended by the Act of July 30, 1975, P.L. 146 (No. 73), 53 P.S. §1-213. This amendment, by the terms of the act, became effective immediately. The last sentence of section 213 previously quoted was deleted and in its place the following was enacted:

"New or revised districts shall be established by the government study commission and included in the proposed charter."

It is the contention of certain registered electors of Upper Providence Township that Act 73 of 1975, in amending Act 62 of 1972, effectively precluded the Court of Common Pleas from entertaining the petition of the transition committee. Respondents further contend that any redistricting should be done in accordance with the provisions of the charter or the provisions of article IX, sec. 11, of the Constitution of the Commonwealth of Pennsylvania.

It is, presumably, the contention of certain registered electors that the study commission was derelict in its duty in failing to comply with the recently enacted law. Respondents urge this court to adopt a common-sense approach. It urges this court to hold that Act 73 increased the duties of the study com-

mission and its members and that said act is applicable to the study commission of Upper Providence Township and the home rule charter proposed by them in its final report issued on the same day as the act was passed. We hold that Act 73 is not applicable to any commission that started its duties before the enactment of Act 73.

A review of the legislative history of Act 73 has been unhelpful to the court. The Statutory Construction Act of December 6, 1972, P.L. 967, 1 Pa.C.S. §1501 et seq., does provide guidance. For instance, section 1922 states:

"In ascertaining the intention of the General Assembly in the enactment of a statute the following presumptions, among others, may be used:

"1. That the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable."

Section 1926 provides:

"No statute shall [be] construed to be retroactive unless clearly and manifestly so intended by the General Assembly."

Section 1928 provides that provisions of a statute decreasing the jurisdiction of a court of record shall be strictly construed.

Respondents urge that there is a fundamental civil right of the electorate that the General Assembly has recognized with the enactment of the amendment that the electorate should be informed as to the full political impact of any new form of government. However, substantial as this right may be, the General Assembly chose not to recognize it until a late date in the proceedings then occurring in Upper Providence Township. This late recognition of what respondents characterized as a fun-

damental civil right is a factor that the court should consider in weighing the recognition of such a right. Respondents further urge "that the plan would include an attempted gerrymander, a fragmentation of natural neighborhoods, a violation of the constitutional standards of compactness, inconvenience to large numbers or other violent political change, and such circumstance might have a profound effect upon the votes and could change the outcome of the election." These circumstances may have been the reasons why the General Assembly changed the law.

Respondents cite the case of Board of Commissioners, Springfield Township v. Kahn, 13 Pa. Commonwealth Ct. 393, 320 A. 2d 372 (1974), but this case is not applicable. The Township of Upper Providence cannot belatedly act to divest the jurisdiction of the court. Article IX, sec. 11, of the Pennsylvania Constitution is not applicable to second class townships since the supervisors are elected at large. The only way the redistricting can be accomplished at this stage of the proceedings is by the court. To hold otherwise would be to reach a result which is absurd and would give retroactive effect to an act of the General Assembly. Where an act takes effect immediately, it is effective at the time the same is signed by the Governor and, in the absence of proof to the contrary, we will assume that the Governor signed the act after the study commission approved the final report. Compare Grant Estate, 377 Pa. 264, 105 A. 2d 80 (1954).

Respondents in their preliminary objections raise numerous additional reasons. Article IX, sec. 11, of the Constitution of the Commonwealth of Pennsylvania is not applicable in that the supervisors of the township are elected at large. The Municipal Reap-

portionment Act of December 13, 1974, P.L. 947, 53 P.S. §11601 et seq., is also inapplicable, since the act does not apply where township officials are elected at large inasmuch as there can be no reapportionment where there are no districts.

Respondents contend that the action by the court pursuant to the authority granted by the legislature is inconsistent with section 12.05 of the Home Rule Charter, but said provision of the Home Rule Charter is subject to Act 62 which gives the voters the authority to adopt a charter and if the charter provision is inconsistent with the general law, of course, the general law will control. We make no ruling concerning the consistency of section 12.05.

No notice is required of intention to establish new districts and no legislative hearings are required to be held. The only notice that is required to be given is the notice of the court hearing and the attendance of respondents at the hearing where respondents were represented by counsel and where respondents have filed preliminary objections suggest that notice was given.

Additionally, since we hold that the court has jurisdiction to establish the districts, there can be no issue presented as to whether or not the transition committee had authority to prepare a plan. Anyone may prepare a plan for submission to the court.

Likewise, since the court has jurisdiction to establish new districts, it is immaterial whether or not the board of supervisors have advertised, held meetings, adopted an ordinance or a resolution.

Respondents, citing their preliminary objections, refused to participate in the hearing and no reasons have been advanced by them why the plans submitted by petitioners should not be adopted.

The court has reviewed the plan of the revised districts submitted by petitioners. The court takes note of the considerations that were made by petitioners in preparing the plan. Some of these considerations were:

1. That Upper Providence Township is in two legislative districts;

2. That two of the present three supervisors reside in the fifth precinct;

3. That Upper Providence Township has five precincts;

4. The Home Rule Charter adopted by the electorate provides for the creation of five council seats, each to be elected by district rather than at large;

5. That Upper Providence Township partially surrounds the Borough of Media with a portion of said township south of Baltimore Pike;

6. That the size of the district is determined by the census figures;

7. That the principle of one man, one vote is applicable to local municipalities;

8. That a plan should be prepared that leaves the largest number of persons in their present voting district;

9. To the extent practicable, the plan should retain the currently elected committee persons of the Republican and Democrat parties.

We find that the plan submitted meets all the requirements of the law and, further, that, although not required, numerous persons were given the opportunity to submit proposals to the transition committee. We further hold that respondents were served notice of the hearing and had the opportunity to present testimony about the plan submitted by petitioners or, in the alternative, submit their own plan for consideration by the court.

Therefore, we enter the following

ORDER

And now, October 12, 1976, it is ordered and decreed that the Election Districts of Upper Providence Township are hereby revised as follows:

The boundaries of the first precinct are as set forth in Exhibit A of the petition.

The boundaries of the second precinct are as set forth in Exhibit B of the petition.

The boundaries of the third precinct are as set forth in Exhibit C of the petition.

The boundaries of the fourth precinct are as set forth in Exhibit D of the petition.

The boundaries of the fifth precinct are as set forth in Exhibit E of the petition.

February 10, 1976

EXHIBIT A

Description of Proposed Revised Precinct No. 1.

ALL THAT CERTAIN voting district designated as Precinct No. 1 situate in the Township of Upper Providence, County of Delaware and Commonwealth of Pennsylvania described as follows:

BEGINNING at the point of intersection of Media By-Pass with the Middletown Township, Upper Providence Township dividing line (being the center of Ridley Creek); thence in an easterly direction along the Media By-Pass to North Orange Street; thence in a southeasterly direction along North Orange Street to Kirk Lane; thence in a southwesterly direction along Kirk Lane to Third Street; thence in a southeasterly direction along Third Street to the Media Borough, Upper Providence Township dividing line; thence in a southerly

direction along the Media Borough, Upper Providence Township dividing line, crossing the Baltimore Pike and crossing Hilltop Street to a point; thence still along the Media Borough, Upper Providence Township dividing line and in an easterly direction to Manchester Avenue, the Upper Providence, Nether Providence dividing line; thence in a southwesterly direction along the Upper Providence Nether Providence dividing line to the Middletown Township, Upper Providence Township dividing line being the centerline of Ridley Creek; thence along the Middletown Township, Upper Providence Township dividing line and also along the centerline of Ridley Creek in a northwesterly direction to the Media By-Pass, being the first mentioned point and place of beginning.

JOHN E. HOUTMAN, Engineer
Upper Providence Township

February 10, 1976
EXHIBIT B

Description of Proposed Revised Precinct No. 2.

ALL THAT CERTAIN voting district designated as Precinct No. 2 situate in the Township of Upper Providence, County of Delaware and Commonwealth of Pennsylvania described as follows:

BEGINNING at the point of intersection of Sandy Bank Road with Providence Road; thence in a northeasterly direction along Sandy Bank Road to Valley View Road; thence in a southeasterly, easterly and southeasterly direction along Valley View Road to Old State Road; thence in a northeasterly direction along Old State Road to Collins Avenue;

thence in a northwesterly direction along Collins Avenue to Dash Street; thence in a northeasterly direction along Dash Street and along Dash Street Extended to the Media By-Pass; thence in an easterly direction along the Media By-Pass to the Upper Providence Township-Nether Providence Township dividing line, being the centerline of Crum Creek; thence along the Upper Providence Township-Nether Providence Township dividing line and along the centerline of Crum Creek and in a southerly to southeasterly direction to a point; thence still along the Upper Providence Township-Nether Providence Township dividing line and in a southwesterly direction to a point on the Media Borough-Upper Providence Township dividing line; thence along the Media Borough-Upper Providence Township dividing line and in a northerly direction to the first mentioned point and place of beginning.

> JOHN E. HOUTMAN, Engineer
> Upper Providence Township

> February 10, 1976

## EXHIBIT C

Description of Proposed Revised Precinct No. 3.

ALL THAT CERTAIN voting district designated as Precinct No. 3 situate in the Township of Upper Providence, County of Delaware and Commonwealth of Pennsylvania described as follows:

BEGINNING at the point of intersection of Providence Road with Sandy Bank Road; thence from the said point of beginning and along Providence Road in a northwesterly direction to the Edgmont Township-Upper Providence Township dividing line; thence along the said Edgmont

Township-Upper Providence Township dividing line and in a northeasterly direction to a point in the centerline of the Springton Reservoir being Crum Creek; thence along the Newtown Township-Upper Providence Township dividing line and also along the Marple Township-Upper Providence dividing line, and in a generally easterly and southeasterly direction to the Media By-Pass; thence along the Media By-Pass and in a westerly direction to a point; thence along Dash Street Extended and Dash Street and in a westerly direction to Collins Avenue; thence in a southeasterly direction along Collins Avenue to Old State Road; thence in a southwesterly direction along Old State Road to Valley View Road; thence in a northwesterly direction along Valley View Road to Sandy Bank Road; thence in a southwesterly direction along Sandy Bank Road to the first mentioned point and place of beginning.

JOHN E. HOUTMAN, Engineer
Upper Providence Township

February 10, 1976
EXHIBIT D

Description of Proposed Revised Precinct No. 4.

ALL THAT CERTAIN voting district designated as Precinct No. 4 situate in the Township of Upper Providence, County of Delaware and Commonwealth of Pennsylvania described as follows:

BEGINNING at the point of intersection of the Media By-Pass with Ridley Creek Road; thence from the said point of intersection and along the centerline of Ridley Creek Road and in a northerly direction to Sycamore Mills Road; thence along Sycamore Mills Road and in a southeasterly direction

to Rose Tree Road; thence along Rose Tree Road in a northeasterly direction to Providence Road; thence along Providence Road in a southeasterly direction to a point on the Media Borough-Upper Providence Township dividing line; thence along the same and in a southwesterly direction to Third Street; thence along Third Street in a westerly direction to Kirk Lane; thence along Kirk Lane and in a northeasterly direction to North Orange Street; thence along North Orange Street and in a northwesterly direction to the Media By-Pass; thence along the Media By-Pass and in a southwesterly direction to Ridley Creek Road, being the point and place of beginning.

JOHN E. HOUTMAN, Engineer
Upper Providence Township

February 10, 1976
EXHIBIT E

Description of Proposed Revised Precinct No. 5.

ALL THAT CERTAIN voting district designated as Precinct No. 5 situate in the Township of Upper Providence, County of Delaware and Commonwealth of Pennsylvania described as follows:

BEGINNING at the point of intersection of the Media By-Pass with the Middletown Township-Upper Providence Township dividing line, said line also being the centerline of Ridley Creek; thence along the said Middletown Township-Upper Providence Township dividing line and in a northwesterly direction to the Upper Providence Township-Edgmont Township dividing line; thence along the said Township dividing line and in a northeasterly direction to Providence Road; thence along Providence Road and in a general southeasterly direction

to Rose Tree Road; thence along Rose Tree Road and in a southwesterly direction to Sycamore Mills Road; thence along Sycamore Mills Road and in a westerly direction to Ridley Creek Road; thence along Ridley Creek Road and in a southerly direction to the Media By-Pass; thence along the Media By-Pass and in a westerly direction to the Middletown Township-Upper Providence Township dividing line being the first mentioned point and place of beginning.

JOHN E. HOUTMAN, Engineer
Upper Providence Township